IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | Case No. 1:23-cv-01112 |
| Plaintiff, | Hon. District Judge Robert J. Jonker |
| v. | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, | |
| Defendant. | |

**DEFENDANT UNITED STATES' REQUEST
FOR ENLARGMENT OF TIME TO RESPOND TO COMPLAINT**

The defendant United States of America respectfully requests[1] a 60-day enlargement of time—through November 25, 2023—to respond to the complaint filed in this action and states as follows:

1. Plaintiff JPMorgan Chase Bank, National Association (JPMorgan) initiated this matter against original defendants John W. Higgins and Martha R. Higgins in the State of Michigan's Circuit Court for the County of Berrien. JPMorgan seeks reformation of the mortgage to encompass two land lots to reflect how they are collectively taxed, as well as a foreclosure of the mortgage interest. On September 12, 2023, JPMorgan amended its complaint

---

[1] The United States seeks this enlargement of time pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure "before the original time or its extension expires." That Rule provides that an enlargement may be sought under such circumstances "with or without motion or notice," in other words, by a timely "request." In contrast, an enlargement sought "after the time has expired," may, under Rule 6(b)(1)(B), be sought only "on motion." Thus, this timely request is properly distinguished from a motion.

to join the Internal Revenue Service to dispute the priority of the recorded tax lien on the same property.

2. On October 18, 2023, the United States removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1442, 1444, and 1446, substituting the United States of America in place of the Internal Revenue Service, consistent with the statutory waiver of sovereign immunity in 28 U.S.C. § 2410 for foreclosure suits against "the United States." (ECF 1). (The IRS is not a suable entity).

3. The United States received informal notice of this action on September 21, 2023. The local United States attorney received a copy of the summons and complaint on September 26, 2023.

4. Under 28 U.S.C. § 2410, the United States is entitled to sixty days after service to answer or otherwise respond to the complaint, *i.e.*, some time on or after November 25, 2023.

5. Nevertheless, Fed. R. Civ. P. 81(c) states that the United States must answer or otherwise respond to the complaint within seven days of removal, *i.e.*, by October 25, 2023.

6. The United States respectfully requests a sixty-day enlargement of time, calculated from September 26, 2023, to respond to the complaint. This additional time will fix the due date and permit the United States to determine the exact extent of the United States' interest and may also be used to explore with the parties a mutually agreeable resolution.

7. On October 18, 2023, undersigned counsel sought all parties' positions concerning the requested extension by emailing all counsel who have appeared in the state court case. As detailed in the certificate of conference below, of those parties who responded, none was opposed.

WHEREFORE, defendant the United States of America respectfully requests an additional sixty days—through November 25, 2023—to answer or otherwise respond to the complaint filed in this action.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice, Tax Division

/s/ Isabelle Dietz
ISABELLE DIETZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-3714 (v)
202-514-5238 (f)
Isabelle.Dietz@usdoj.gov

IT IS SO ORDERED.

Dated: October 19, 2023

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge