UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-----------------------------------------------------------------------x

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

                        Plaintiff,

-against-

JOHN W. HIGGINS, MARTHA R. HIGGINS, and the UNITED STATES OF AMERICA,

                        Defendants.

Case No. 1:23-cv-01112 (RJJ)(SJB)

Hon. Robert J. Jonker

-----------------------------------------------------------------------x

UNITED STATES OF AMERICA,

                        Counterclaim/Crossclaim Plaintiff,

-against-

JOHN W. HIGGINS, MARTHA R. HIGGINS,

                        Crossclaim Defendants,

and

JPMORGAN CHASE BANK, N.A., and TREASURER, BERRIEN CO., MICHIGAN,

                        Counterclaim Defendants.

-----------------------------------------------------------------------x

**BERRIEN COUNTY TREASURER'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS**

## PRELMINARY STATEMENT

By this action, Plaintiff JPMorgan Chase Bank seeks judicial foreclosure of a parcel owned by Defendants John W. Higgins and Martha R. Higgins following Defendants alleged default on

a mortgage held by Plaintiff.  (FAC ¶¶ 9-13, ECF No. 1-1, PageID.9.)  The foreclosure proceedings appear to be complicated by two issues: first, there appears to be some discrepancy as to the legal description of the parcel or parcels that were encumbered by the JPMorgan mortgage (FAC ¶¶ 18-24, ECF No. 1-1, PageID.10-11); second, following the filing of a tax lien by the United States of America on the subject property, there has arisen a dispute between JPMorgan and the United States as to the order of priority of the parties' liens (FAC ¶¶ 25-29, ECF No. 1-1, PageID.12).

For her part, the Berrien County Treasurer has no cognizable interest in either the judicial foreclosure proceeding nor the other disputed issues in the case.  The Treasurer has brought no tax foreclosure proceeding against the property or issued any forfeiture notice under state law.  Indeed, the Treasurer has made no claim of any kind against the property, has no lien against the property, and has taken no action at all of any sort as it relates to the property.  Notwithstanding the foregoing, on November 9, 2023, the United States, along with its Answer to the First Amended Complaint, filed a third-party complaint against the Berrien County Treasurer (described in the Answer as a "counterclaim") and served a summons and the pleadings upon the Berrien County Treasurer in accordance with Fed. R. Civ. P. 14.

The "Counterclaim" asserted by the United States against the Berrien County Treasurer fails to allege any material facts related to the Treasurer, makes no claim of law against the Treasurer, and does not explicitly seek any relief against the Treasurer.  Instead, it appears to simply seek to add the Treasurer to the action as a third-party bystander, and force her to participate in a lawsuit with no claims to assert or defend.  Such an approach is not contemplated under federal law or rules, and the Berrien County Treasurer should be dismissed from the action.

**STATEMENT OF RELEVANT FACTS**

On September 12, 2023, Plaintiff JPMorgan Chase Bank filed in the Berrien County Circuit Court its First Amended Complaint ("FAC") against John W. Higgins, Martha R. Higgins and the

United States of America seeking (1) judicial foreclosure of 50102 Alpine Blvd., New Buffalo MI 49117 ("the Property") following default on the mortgage granted to Plaintiff, (2) a reformation of the legal description of the Property set forth in the mortgage, and (3) a declaration that Plaintiff's mortgage has priority over an IRS tax lien recorded against the Property by the United States. (FAC at 4-7, ECF 1-1, PageID.10-13.)

On October 18, 2023, Defendant United States removed the action pursuant to 28 U.S.C. §§ 1442 and 1444 to the United States District Court. (Notice of Removal, ECF 1.)

On November 9, 2023, Defendant United States filed its Answer to the First Amended Complaint, as well as crossclaims against the Higgins defendants, a counterclaim against JPMorgan Chase Bank, and a purported third-party claim against the Berrien County Treasurer titled as a "counterclaim." (Answer, ECF 9.)

The Answer (and its supplemental claims) is devoid of any material allegation relating to the Berrien County Treasurer. While the Answer does not specifically set forth the purported claim against the Berrien County Treasurer, in addition to Count 1 (a crossclaim against the Higgins defendants), it includes as its Count 2, a "claim against all parties," which is presumably intended to include the Berrien County Treasurer. (Answer at 15; ECF 9, PageID.73.) After outlining the federal tax liens recorded by the United States, Count 2 alleges that the United States is entitled to enforcement of the federal tax liens, including a judicial sale. The only mention of the Berrien County Treasurer in Count 2 is a statement that a claim by the Berrien County Treasurer would have priority over the federal tax liens following a judicial sale. (Answer ¶ 16, ECF 9, PageID.73.) In its prayer for relief, the pleading seeks no relief as against the Berrien County Treasurer, except to repeat that, if the Berrien County Treasurer had a claim on the

3

property, the Treasurer's claim would have priority over the federal liens in accordance with 26 U.S.C. § 7403. (Answer at 16-17, ECF 9, PageID.73-74.)

The only hint of relief that is being sought from the Berrien County Treasurer lies in paragraph five of Defendant United States' supplementary pleading, in a section labeled "Jurisdiction":

> Defendant the Treasurer of Berrien County, Michigan, is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority of federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

(Answer ¶ 5, ECF 9, PageID.70.) This statement contains no allegation that the Berrien County Treasurer actually has lien or claim of interest in the property (and in fact, she does not) nor does it allege that any property taxes are even delinquent. Yet the statement does appear to suggest that the United States may be seeking to enjoin the Berrien County Treasurer from future, hypothetical tax collection enforcement actions.

## STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint […] does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555 (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A complaint does not suffice "if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

As more fully set forth below, Defendant United States' "counterclaim" against the Berrien County Treasurer fails to make even a bare articulation of a claim or basis for relief and should be dismissed under Fed. R. Civ. P. 12(b)(6) and 14 (a)(2)(A). Nor can the case be made that the Treasurer is a necessary party to this action.  Finally, even to the extent that the pleading could liberally be read to assert a claim to enjoin the Berrien County Treasurer from taking future action with respect to the parcel under Michigan's General Property Tax Act, MCL 211.78 *et seq.*, such a claim would violate the federal Tax Injunction Act, 28 U.S.C. § 1341, and it should be dismissed for that reason.

> 1. *The Third-Party Complaint Fails to State a Claim Against the Berrien County Treasurer*

As an initial matter, the third-party complaint against the Berrien County Treasurer fails to meet even the liberal pleading standard established under Fed. R. Civ. P. 8(a)(2).  The "counterclaim" asserted by the United States, set forth in Count 2 of the government's Answer, merely alleges that the United States is entitled to enforcement of its federal liens, and notes that the Berrien County Treasurer's claims, if any existed (which they do not), would be entitled to priority over the federal tax lien. (Answer ¶ 16, ECF 9, PageID.73.)  Far from "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555, this recitation of the statute fails to provide any notice of the nature of the claim against the Treasurer nor any authority even plausibly suggesting the basis of a potential claim against the Treasurer.  Absent this bare minimum, the pleading fails to state a claim against the Treasurer, and, left with nothing here to defend or assert, the Treasurer should be dismissed from this action.

5

2. *The Berrien County Treasurer is not a Necessary Party to this Action*

Although the contention is not explicitly raised in the pleading, there is no argument to be made that the Berrien County Treasurer is a necessary party to this action.  The first step in determining under Fed. R. Civ. P. 19 whether a case should proceed in the absence of a particular party is to decide whether the party "is necessary to the action and should be joined if possible." *PaineWebber, Inc. v. Cohen*, 376 F.3d 197, 200 (6th Cir. 2001). A party is necessary if "in the person's absence complete relief cannot be accorded among those already parties." *Keweenaw Bay Indian Cmty v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993).  Here, complete relief can be accorded among those who are already parties without the involvement of the Treasurer.  Indeed, the Treasurer presently has no interest whatsoever in the outcome of the case.  A judicial sale and the allocation of the proceeds from that sale will have no effect on the underlying tax status of the parcel or the amounts (if any) due to the Treasurer in property taxes now or in the future.  There is no argument under which the Berrien County Treasurer would be partly or wholly responsible for the damages alleged in this action, and therefore complete relief can be accorded among the existing parties absent the Treasurer's involvement.  Nothing is added through the participation of the Berrien County Treasurer in this action (other than time and expense incurred by the Treasurer).

3. *Enjoining the Berrien County Treasurer from Tax Collection and Enforcement Activities Violates the Tax Injunction Act.*

Finally, to the extent that what the United States may actually seeking by way of relief from the Berrien County Treasurer is an order barring the Treasurer from engaging in tax collection enforcement activities, up to and including a tax foreclosure sale under MCL 211.78m, such relief is not only entirely speculative, it is barred under the federal Tax Injunction Act.  Under the Tax Injunction Act, 28 U.S.C. § 1341, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

6

remedy may be had in the courts of such State."  A party seeking to "interfere with the machinery of [tax] collection" by "seek[ing] to halt foreclosures of tax-delinquent property," seeks relief "in direct contravention to a state action […] integral to its tax collection effort."  *Hometown Vill. of Marion Ass'n v. Marion Twp.*, 547 F. Supp. 3d 672, 681 (E.D. Mich. 2021) (quoting *Harrison v. Montgomery Cnty., Ohio*, 997 F.3d 643, 651–652 (6th Cir. 2021)).  This "fall[s] within the relief that federal courts cannot provide" by virtue of the Tax Injunction Act  *Id.*  For this reason, to the extent that the United States' claim can be read as seeking to enjoin the Berrien County Treasurer from conducting a foreclosure sale at some point in the future, it should be dismissed.

## CONCLUSION

For the reasons set forth above, the "counterclaim" asserted against the Berrien County Treasurer by the United States fails to state a claim upon which relief can be granted, and the Berrien County Treasurer should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(6) and 14(a)(2)(A).

Dated:     St. Joseph, Michigan
           December 18, 2023

Respectfully submitted,

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County Treasurer*

## CERTIFICATE OF COMPLIANCE

This memorandum complies with the word limit of L. Civ. R. 7.3(b)(i), because, excluding the parts exempted by L. Civ. R. 7.3(b)(i), it contains 1,955 words.  The word count was generated using Microsoft Word 2016.

/s/ Thaddeus J. Hackworth
Thaddeus J. Hackworth (P84996)
Berrien County Corporate Counsel
701 Main Street
St. Joseph, MI 49085
(269) 983-7111 x8416
thackworth@berriencounty.org
*Attorney for Berrien County Treasurer*
