**1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

        Plaintiff,

                                        CASE NO. 1:23-cv-1112

v.

                                        HON. ROBERT J. JONKER

JOHN W. HIGGINS, et al.,

        Defendants.

_____/

## ORDER

        The United States removed this foreclosure action from Berrien County Circuit Court based on its tax lien. The Court scheduled a Rule 16 for December 18, ECF No. 8, and counsel for the parties prepared and filed a Joint Status Report as directed by the Court. ECF No. 15. Counsel for individual parties John and Martha Higgins participated in preparation of the JSR for his clients but did not actually sign it. Instead, after conferring with other counsel and authorizing them to submit the JSR with his input, he filed a Motion to Withdraw as counsel, and his clients signed a stipulation agreeing to the withdrawal. ECF No. 14. After reviewing these items in preparation for the Rule 16, the Court decided to re-schedule the Rule 16 to a later date to ensure that the interests of the Higgins are appropriately represented at the Rule 16, assuming they wish to continue defending the matter either *pro se*, or through new counsel. ECF No. 17.

        The record plainly reflects the desire of the Higgins parties and their counsel to part ways. What the record does not yet reflect is whether the Higgins plan to proceed *pro se*, and if so, what their service address is for the case. The Court also wants to ensure that the Higgins

realize that a decision to proceed *pro se* will require them to appear personally for all scheduled hearings, including the Rule 16 (now set for **January 29, 2024, at 10:00 a.m. in Grand Rapids**), and to follow the rules and orders of the Court in filing motions and other papers related to the case. A failure to appear and to proceed in accordance with the rules and orders of the Court may result in entry of default against them. It is also possible that the Higgins defendants may wish to continue their defense through other counsel, but then successor counsel will have to file an appearance on their behalf.

Accordingly, **IT IS ORDERED**:

1. Not later than **January 12, 2024**, John and Martha Higgins shall do one of the following:

   a. file with the Court a statement indicating their intention to proceed *pro se*, and specifying their address for service of papers that the Court and the other parties file in the case; or

   b. have new counsel who is admitted to the bar of this Court file an appearance on their behalf.

2. If John and Martha Higgins fail to accomplish one of the options specified in paragraph 1 by the deadline of January 12, 2024, the Court will enter a default against them.

3. Present counsel for the Higgins shall ensure that the Higgins defendants personally receive a copy of this Order and shall file a proof of service describing the means of service and satisfaction of this requirement. The Motion for leave to withdraw (ECF No. 14) is **GRANTED** but is **EFFECTIVE** only upon filing the proof of service required in this paragraph. Until such time, Attorney Wojcik remains counsel of record for John and Martha Higgins.

Dated: December 18, 2023

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE