IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | Case No. 1:23-cv-01112 |
| Plaintiff, | Hon. District Judge Robert J. Jonker |
| | Magistrate Judge Sally J. Berens |
| v. | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim/Crossclaim Plaintiff, | |
| v. | |
| JOHN W. HIGGINS and MARTHA R. HIGGINS, | |
| Crossclaim Defendants, | |
| And | |
| JPMORGAN CHASE BANK, N.A., | |
| Counterclaim Defendant. | |

**UNITED STATES' REQUEST FOR EXEMPTION FROM HAVING A PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND THE MARCH 5TH "EARLY SETTLEMENT CONFERENCE"**

**EXPEDITED CONSIDERATION REQUESTED**

The Court's case management order sets an "Early Settlement Conference," prior to discovery and prior to the deadline for the Higginses to respond to the United States' counter and cross-claims and requires "a representative of the party with full settlement authority must

1

attend" the settlement conference (ECF No. 29, PageID.150-151). The United States hereby requests that the Court exempt it from this requirement and deem attendance by the undersigned trial attorney for the United States to be sufficient representation for the settlement conference with the trial attorney able to reach a person with authority to concede up to $500,000 (exclusive of interest) if necessary. Respectfully, and with the supporting authorities described in the accompanying brief, the United States submits that the government is differently situated from any other litigant in light of the volume of cases in which the government appears and the government's distinctive procedures for negotiating settlements (and the record of the Tax Division, in particular, in successfully settling cases through mediation without a person with full authority present); thus, appearance of the lead trial attorney assigned to the case should constitute sufficient representation for the settlement conference. The undersigned lead trial attorney's reviewer on this case (an Assistant Chief of the Tax Division's Civil Trial Section–Northern Region) will be available to join the video conference if desired by the Magistrate Judge and the Chief of the trial section, who can approve a concession up to $500,000 exclusive of interest will be reachable if appropriate.[1]

Expedited consideration is requested pursuant to W.D. Mich. LCivR 7.1(e) because the conference is set for March 5, 2024. Alternatively, the United States moves to continue the early settlement conference to a date after the Higginses have answered the counter and cross-claims.

WHEREFORE, the United States respectfully requests an exemption from the requirement that "a representative of the party with full settlement authority must attend" the

---

[1] The counter and cross-claims involve taxes, penalties, and interest currently totaling approximately $920,000 but $280,000 of that is interest. The tax amounts were reported on self-filed returns and the late-payment penalties and interest are a mathematical function of the taxes.

2

settlement conference and to permit attendance by the undersigned lead trial attorney for the United States to be sufficient representation for the settlement conference.

        Respectfully submitted,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division, U.S. Department of Justice

        */s/ Sarah Stoner*
        SARAH STONER
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C. 20044
        202-514-1170 (v) / 202-514-5238 (f)
        Sarah.Stoner@usdoj.gov