IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, <br><br> Defendants. <br><br> UNITED STATES OF AMERICA, <br><br> Counterclaim/Crossclaim Plaintiff, <br><br> v. <br><br> JOHN W. HIGGINS and MARTHA R. HIGGINS, <br><br> Crossclaim Defendants, <br><br> And <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Counterclaim Defendant. | Case No. 1:23-cv-01112 <br><br> Hon. District Judge Robert J. Jonker <br> Magistrate Judge Sally J. Berens |

**BRIEF IN SUPPORT OF UNITED STATES' REQUEST FOR EXEMPTION FROM HAVING A PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND THE MARCH 5TH "EARLY SETTLEMENT CONFERENCE"**

The United States of America is requesting an exemption from the Court's case management order ("Court Order") requirement that "a representative of the party with full settlement authority must attend" the settlement conference (ECF No. 29, PageID.151), with the attending trial attorney able to reach a person with authority to concede up to $500,000

1

(exclusive of interest) if necessary. *See also* W.D. Mich. LCivR 16.6.[1] The Court Order set an early settlement conference for March 5, 2024, by video before Magistrate Judge Sally J. Berens. The taxpayers who own the real property against which Plaintiff JPMorgan Chase Bank, N.A. seeks to foreclose a mortgage, John W. Higgins and Martha R. Higgins, have not yet responded to the United States' counter and cross-claims seeking to enforce federal tax liens against the same property and a judgment for the remaining balance of their tax liabilities.

Respectfully, as courts have widely recognized in routinely granting requests identical to this one, the government is differently situated from private litigants for purposes in light of the volume of cases in which the government appears and the government's distinctive procedures for negotiating settlements; thus, the attendance of a trial attorney alone should be deemed sufficient. In addition to the undersigned lead trial attorney, her reviewer on this case (an Assistant Chief of the Tax Division's Civil Trial Section–Northern Region) will be available to join the video conference if desired by the Magistrate Judge, and the Chief of the trial section, who can approve a concession up to $500,000 exclusive of interest, will be reachable if appropriate.

## I.  CASE BACKGROUND

Plaintiff JPMorgan Chase Bank, National Association ("Chase") filed an amended complaint in the Berrien County Circuit Court on September 12, 2023, seeking reformation of

---

[1] W.D. Mich. LCivR 16.6 states that for settlement conferences ordered by the Court, "parties that are not natural persons, a natural person representing that party who possesses ultimate settlement authority may be required to attend the settlement conference." Because the rule states the Court *may* make this requirement, the United States only requests exemption from the Court Order expressly stating the requirement. However, to the extent the Court deems W.D. Mich. LCivR 16.6 to fully require the United States provide a representative with ultimate settlement authority for the settlement conference, the United States extends its request for an exemption from this Rule.

2

their mortgage and foreclosure against real property owned by Defendants John and Martha Higgins ("the Higginses") located at 50102 Alpine Blvd., New Buffalo, Michigan 49117. Chase named the United States as an additional defendant in the amended complaint due to federal tax liens, and the United States removed the case to this Court on October 18, 2023. Thereafter, the United States filed a crossclaim to reduce the federal income tax liabilities owed by the Higginses to judgment and a counterclaim seeking judicial enforcement of its liens against the property. After removal, the Higginses' former counsel withdrew and they elected to continue as pro se litigants. The Court ordered Chase to file an amended complaint by February 16, 2024, the United States to respond and refile its counterclaim and crossclaims by March 8, 2024, and for the Higginses to answer the amended complaint and crossclaim by March 8 and March 29, 2024, respectively. (ECF 29, PageID.149-150). No formal discovery has occurred since the case was removed to this Court and the Higginses have not yet answered.

The Court Order requires all parties to participate in the early settlement conference set for March 5, 2024. The Court Order requires "[w]here the party is not a natural person, a representative of the party with full settlement authority must attend." (ECF 29, PageID.151). The Plaintiff claims to be owed approximately $1.3 million. The tax liabilities, at the time of this filing, total about $920,000, of which about $280,000 is interest (noted because interest is not counted in the delegation orders for what officials in the Department of Justice, Tax Division, hold settlement authority as explained below). The market value of the New Buffalo property is not currently known, but internet sources suggest it is worth approximately $2 million. Thus, the property value is possibly sufficient to satisfy the liens of both the Plaintiff and the United States, particularly if the Court appoints a real estate agent as a receiver as suggested in the United

States' counterclaim. Such sales closely resemble sales by owner with no depression in price, with the same customary commission earned by the real estate agent.[2]

## II.     ARGUMENT

The United States actively litigates a vast number of cases across the country and has a specified designation of settlement authority to manage the unique caseload. Ultimate and full settlement authority exists with a limited number of people within the DOJ and expecting those individuals to attend every court ordered settlement conference—even those after discovery better informs the parties or their litigation risks—would present a great administrative burden, if not an impossibility. Requiring advance preparation for and attendance at every preliminary conference would be an even greater drain on government resources. Due to the government's unique status, support for an exemption to the common requirement of a representative with full settlement authority exists in history of the Federal Rules of Civil Procedure and in relevant case law.

[CONTINUED ON NEXT PAGE]

---

[2] The United States often asks courts to appoint local real estate agents as receivers to sell property—residential real estate in particular—when enforcing tax liens under 26 U.S.C. § 7403(d). *See United States v. Morrison*, 2012 WL 9245966, *2 (D. N.H. Jan. 23, 2012) ("The United States may submit a subsequent motion and proposed order setting forth the procedures for the sale(s) of the First Main Street Property and the Second Main Street Property by a licensed real estate agent to be appointed as receiver under 26 U.S.C. § 7403(d) who agrees to act as such for compensation equal to a customary real estate agent's commission."); *United States v. Smith*, 2008 WL 4960430, at *12 (S.D. Ohio Nov. 19, 2008) ("To the extent that a sale of the property on the open market may more closely approximate fair market value of the property than a judicial sale by auction . . . the government may wish to consider appointment of a receiver pursuant to § 7403(d)."). Other cases appointing real estate agents under § 7403(d) include *United States v. Poteet*, 792 F. Supp. 2d 1201, 1208 (D. N.M. 2011); *United States v. Wagster*, 2017 WL 4479730 *1 (E.D. Mich. Oct. 5, 2017); *United States v. Thody*, 2022 WL 2230169 (W.D. Mich. June 9, 2022); *United States v. Kain*, 2017 WL 5176696 (N.D. Ind. October 13, 2017); *United States v. Morgan*, 2021 WL 3421708, *13 (D. Conn. August 5, 2021).

### A. Attendance of a representative of the United States with full settlement authority should not be required because of the unique status of the United States

Settlement authority in tax cases (including this case) rests with the Attorney General of the United States or his delegate. 26 U.S.C. § 7122(a). Department of Justice regulations delegate settlement authority for cases arising under the internal revenue laws to a limited number of officials located in Washington, D.C. *See generally* Tax Division Directive No. 139, 76 Fed. Reg. No. 15212-02, 2011 WL 938673 (Mar. 21, 2011), *reproduced at* 28 C.F.R. Pt. 0, Subpt. Y, App. The regulations are designed to promote uniformity in settlements across the country, consistent and immediate application of policy, and accountability of the officials acting upon settlements. The level of authority for settlement generally depends on the magnitude of the proposed government concession as well as the classification of the case by IRS Chief Counsel. The Assistant Attorney General for the Tax Division ("AAG") may accept offers in compromise of tax-related claims where the principal amount of the proposed settlement does not exceed $4 million. *See* 28 C.F.R. § 0.160(a)(3). The AAG has authority to re-delegate his settlement authority to senior officials within the Tax Division, provided that such re-delegation is made in writing and approved by the Deputy Attorney General, and the Internal Revenue Service ("IRS") has either waived consultation or does not disagree to the terms of the proposed settlement. *See* 28 C.F.R. § 0.168(a). Pursuant to this authority, the AAG has redelegated his settlement authority to the Chief of the Office of Review, who is authorized to accept offers in compromise in which the amount of the government's concession, exclusive of statutory interest, does not exceed $1.5 million. The AAG has also re-delegated his settlement authority to the Chiefs of the Civil Trial Sections ("Section Chiefs"), who are authorized to accept offers in compromise in which the amount of the government's concession, exclusive of statutory interest, does not exceed $500,000.

In this case, the United States claims $889,139.06 as the amount owed as of October 25, 2023, plus additional interest and accruals since that date that bring the sum to more than $920,000. The amount exclusive of statutory interest still exceeds $500,000, but only by approximately $135,000.[3] Reasonably, because the taxes were assessed based on self-filed returns and the total balance appears fully secured by the real property, absent the revelation of some unanticipated issue, the United States would not concede more than a small fraction of the total claimed amount, which puts any potential settlement amount below the $500,000 threshold. Therefore, the lowest-ranking individual with full and complete settlement authority is David M. Katinsky, Chief of the Civil Trial Section–Northern Region of the Tax Division.[4] *See* 28 CFR §§ 0.160(a)(3), 0.168(a); 28 C.F.R. Pt. 0, Subpt. Y, App.

Persons with delegated settlement authority, as a pragmatic matter, cannot be totally familiar with the details of every case handled by trial attorneys, particularly at the early stages of a case. Generally, if a settlement offer that the trial attorney agrees to recommend for acceptance is negotiated early in the case,[5] persons with settlement authority depend upon the trial attorney for detailed knowledge on the case—usually shared by memoranda—in their review and consideration of the offer. During later conferences after discovery, where settlement discussions are far more likely to be fruitful, persons with full settlement authority are usually

---

[3] The crossclaim indicates about $510,000 in just tax. (See ECF No. 9, PageID.70 (under "Tax Amount Assessed")). Late payment penalties equal 25% of the taxes, pursuant to 26 U.S.C. § 6651(a)(2).

[4] Discussion of the delegations within the IRS is not discussed because the IRS has classified this matter as settlement option procedure ("SOP"), meaning that IRS input on a proposed settlement is not required and authority rests with the trial section chief (although the Tax Division sometimes nevertheless asks the IRS for its input before making its own decision in an SOP case).

[5] Or, even if the trial attorney recommends rejection, an offer may still be processed if a taxpayer wishes for the offer to be elevated.

brought up to speed and prepared to be contacted by phone to make quick decisions in the midst of the conference.

Notably, the IRS, as part of its pre-litigation attempts to collect unpaid taxes, might settle with taxpayers both on doubt as to liability and doubt as to collectability. The IRS even offers administrative appeals when offers in compromise are denied. Thus, if a federal tax dispute is referred to the Department of Justice for litigation, it is not appropriate to expect the Department of Justice to give a better deal than the IRS at the very outset of a case and before it can even conduct discovery.

Here, to the extent that the United States requires an exemption from the Court Order, and notwithstanding that pre-discovery settlements in tax cases are exceedingly rare, the lead trial attorney is equipped to engage in meaningful and detailed settlement discussions on behalf of the United States and then prepare a recommendation memorandum for the Section Chief, should an agreeable settlement be reached in the conference. Should circumstances warrant, the trial attorney may also request to be excused briefly from the conference to consult with her reviewer—an Assistant Chief of the Civil Trial Section—to discuss how any settlement recommendation might be received. While the lead trial attorney alone is sufficiently equipped to engage in productive settlement discussion to satisfy the goal of this early settlement conference, if the Magistrate Judge believes it to be necessary during the conference, the Assistant Chief could be requested to join the video conference.

### B. Requiring the Section Chief of the relevant trial section to attend court ordered settlement conferences in every case would be administratively burdensome and an inefficient use of resources

Out of necessity, the persons holding delegated settlement authority perform other substantial, legal and administrative duties in addition to authorizing settlements. Given their responsibilities, Section Chiefs cannot routinely appear at and for the duration of early settlement

7

conferences (or even in all later settlement conferences after significant case development). The cases in each regional trial section which Section Chiefs oversee are spread across many states— eleven states total for the Northern Region, Civil Trial Section. Mr. Katinsky, the Section Chief for the Northern Region, is responsible for supervising approximately thirty attorneys responsible for litigating most tax-related actions in the eleven states, including federal district courts, bankruptcy courts, and state courts. The Section Chief's duties include formulating litigation strategy with respect to difficult issues, reviewing (with the help of three Assistant Chiefs) all court filings prepared by the non-supervisory trial attorneys in the section, and resolving other administrative and personnel issues. In addition, the Section Chief retains settlement authority over all tax-related cases that are handled by Assistant United States Attorneys in the same eleven states (local AUSAs handle limited kinds of tax matters, including mortgage foreclosures under 28 U.S.C. § 2410, like this case but not if the IRS authorize the Tax Division to assert a counterclaim or crossclaim). Even with permitting remote appearance in a conference, a requirement that the Section Chief attend the entirety of every settlement conference in every case handled by their section would impose a substantial, administrative burden on the United States and be an inefficient use of Tax Division resources.

    In accordance with the regulations promulgated by the Attorney General, the Tax Division has adopted procedures to make conferences where settlement may be at issue as productive as possible while enabling supervisory officials to perform the necessary functions that their positions require. In this regard, the lead trial attorney, with primary responsibility for a case, generally attends settlement conferences in their entirety, and the supervisory official with settlement authority is made available for brief side-conference to act upon any actual settlement

8

proposal or to assist the trial attorney or respond to any court questions if necessary. The United States proposes this course of action for the upcoming settlement conference in this case.

As a practical matter, moreover, the undersigned lead trial attorney has been informed by her reviewer (with over forty years at the Tax Division) that a substantial majority of cases handled by the Northern Region Civil Trial Section that involve genuine tax disputes or government-initiated collection (*i.e.,* excluding frivolous suits seeking damages or injunctions) are in fact settled—whether with or without mediation or judicial assistance—using the standard operating procedures of the Tax Division.

### C. Legal authorities support this proposed course of action

The practice described above is consistent with the Advisory Committee Notes relating to the 1993 Amendments to the Federal Rules of Civil Procedure, which recognize that when the United States is involved in litigation, "there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16, Advisory Committee Notes to 1993 Amendments. As noted above, W.D. Mich. LCivR. 16.6 accords discretion to judges and that discretion should, absent some extraordinary circumstance, be exercised to accommodate the United States as suggested in the Advisory Committee Note.

This practice is also consistent with the Judicial Improvements Act of 1990. Although that legislation authorizes the district courts to adopt "civil justice expense and delay reductions plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference," 28 U.S.C. § 473(b)(5), the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the

authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General," 28 U.S.C. § 473(c). In enacting this legislation, Congress was aware that the government's situation differs from private parties with respect to settlement authority. In this regard, the Senate Report states that:

> [T]hose district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference.

S. Rep. No. 101-416, at 58 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 6802, 6848. Thus, Congress recognized the "unique" status of the United States in regard to settling claims.

The Supreme Court has likewise acknowledged the unique position of the United States in litigation, albeit in a different context than settlement negotiations (considering the exceptions to the normal application of collateral estoppel):

> We have long recognized that "the Government is not in a position identical to that of a private litigant," both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

*United States v. Mendoza*, 464 U.S. 154, 159-60 (1984) (citation omitted).

The Sixth Circuit has recognized that it is not appropriate to mandate the attendance of government officials with full settlement authority at settlement conferences absent a particularized reason revealed by the travel of a particular case or settlement efforts. *See In re United States of America*, slip op. 01-35-6 (6th Cir. May 17, 2001) (copy attached) (stating only that "a government official with sufficient authority to productively pursue settlement is required to be available either in person or by telephone" during the conference). In accordance with the

10

views expressed by the Advisory Committee and the Senate Judiciary Committee, other federal courts have recognized that requiring government officials with full settlement authority to attend court conferences where settlement may be at issue puts a significant burden on the government and is unnecessary to achieve the objectives of those conferences in most circumstances. *See In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993) ("[A] district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of [requiring a party to have a representative with full settlement authority present]."); *In re United States of America*, 2007 WL 9627781 (5th Cir. July 19, 2007) (finding that district court abused its discretion in ordering government official with full settlement authority to attend mediation or delegate his authority to person actually attending mediation absent showing that "extraordinary circumstances were present and . . . that less drastic alternatives were considered and rejected"); *C1 Design Grp. v. United States*, 2016 WL 3017380, at *2 (D. Idaho May 24, 2016) (granting Tax Division's request to permit Assistant Section Chief to appear at mediation by telephone); *see generally Laird v. Tatum*, 408 U.S. 1, 15 (1972) (where the interference with the courts is slight, courts should not risk becoming "monitors of the wisdom and soundness of Executive action.").

Moreover, in the context of dedicated mediation sessions, having government officials with full authority could be more efficient for the Court but, even there, authorities suggest that availability as needed during the conference should suffice. For an initial case management conference in particular, there is often no reason to anticipate that parties will be in a position to settle before any discovery has been taken and often before their legal positions have been fully articulated. *See United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1062 (9th Cir. 2012) (district court "abused its discretion in ordering a government representative with full

settlement authority to appear in person for an initial settlement conference."). Here, the United States has provided a reasonable settlement proposal to Chase regarding the reformation sought, but does not know yet, without discovery, what may constitute a reasonable settlement with the Higginses besides a consent to judgment. As such, the lead attorney is sufficiently equipped to participate in productive discussion at the early settlement conference.

Consistent with these prior decisions recognizing the unique position of the United States and the administrative burden that a requirement of attendance for the entirety would impose, the United States requests an exemption from the Court Order's requirement that a party with full settlement authority attend the early settlement conference.

### III.   CONCLUSION

For the foregoing reasons, the United States requests an exemption to the Court Order's requirement and to permit the attendance of the United States's assigned trial attorney to suffice for representation at the settlement conference, with her reviewer (an Assistant Section Chief) available to be asked to join if needed and with the Section Chief (authorized to concede up to $500,000) available to be consulted during a break.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Sarah Stoner*
SARAH STONER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-1170 (v) / 202-514-5238 (f)
Sarah.Stoner@usdoj.gov