Case 1:23-cv-01112-RJJ-SJB  ECF No. 44-1, PageID.275  Filed 02/27/24  Page 1 of 3
Case 1:06-cv-03452  Document 14-1  Filed 10/11/2006  Page 13 of 20
Case 5:00-cv-02667-JG  Document 26  Filed 05/21/2001  Page 1 of 4

No. 01-3506

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

MAY 17 2001

LEONARD GREEN, Clerk

In re: UNITED STATES OF AMERICA,    )
                                     )
Petitioner.                          )    ORDER
                                     )
                                     )

Before: MARTIN, Chief Judge.

The government, a defendant in a taxpayer refund action pending in the United States District Court for the Northern District of Ohio, petitions this court to direct the district court to vacate an order requiring that a government official with full settlement authority attend a status conference scheduled for May 18, 2001, at 1:00 p.m. in Akron, Ohio. The government has filed an emergency motion for a stay pending a ruling on its mandamus petition. The district judge and the plaintiff below oppose the motion for a stay. Due to the exigent nature of the requested relief, the motion for a stay is being considered by a single judge of the court. *See* Fed. R. App. P. 8(a)(2)(D) and 27(c)

Rule 16(c), Fed. R. Civ. P., authorizes a district court to schedule pretrial conferences "to facilitate the just, speedy, and inexpensive disposition" of actions. One function of a pretrial conference is to consider settlement. To that end, Rule 16(c) provides that

> [i]f appropriate, the court may require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute.

A district court's ruling under this provision or in the exercise of its inherent authority is discretionary and is reviewable in mandamus for a clear abuse of discretion. *See, e.g., In re United States*, 149 F.3d 332 (5th Cir. 1998); *In re Stone*, 986 F.2d 898 (5th Cir. 1993); *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). Rule 16(c) does not, however, authorize a



GOVERNMENT
EXHIBIT
A

Case 1:23-cv-01112-RJJ-SJB    ECF No. 44-1, PageID.276    Filed 02/27/24    Page 2 of 3
Case 1:06-cv-03452    Document 14-1    Filed 10/11/2006    Page 14 of 20
Case 5:00-cv-02667-JG    Document 26    Filed 05/21/2001    Page 2 of 4

No. 01-3506
- 2 -

district court to coerce a settlement or to sanction a party for the failure to make a monetary settlement offer. See, e.g., Dawson v. United States, 68 F.3d 886 (5th Cir. 1995); Kothe v. Smith, 771 F.2d 687 (2d Cir. 1985).

In its petition for a writ of mandamus, the government asserts that the district court's requirement that government officials with full settlement authority attend the May 18 status conference is a clear abuse of discretion. The government states that under the applicable regulations of the Department of Justice, the lowest ranking official having full settlement authority in this case is the Acting Assistant Attorney General for the Tax Division. A status conference in this case was held on August 12, 2001. During that conference, the Acting Section Chief for the Tax Division of the Department of Justice was available by telephone, and the government rejected a settlement offer made by the plaintiff. The government states that the Tax Division has a general policy not to accept settlements based solely on "nuisance value" and that it advised the court that it wished to conduct sufficient discovery to determine whether the plaintiff had a meritorious claim before considering a settlement proposal.

This petition raises the tension between the government's policy of centralized decision making and the court's ability to manage its docket to achieve the just and efficient disposition of cases. This tension is recognized in the Advisory Committee notes to the Rule 16(c) amendment that permits the trial court to require attendance of a representative with full settlement authority at a pretrial conference. The notes to the 1993 amendments recognize that in litigation with governmental agencies "there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with the ultimate decision-making authority."

Case 1:23-cv-01112-RJJ-SJB   ECF No. 44-1, PageID.277   Filed 02/27/24   Page 3 of 3
Case 1:06-cv-03452   Document 14-1   Filed 10/11/2006   Page 15 of 20
Case 5:00-cv-02667-JG   Document 26   Filed 05/21/2001   Page 3 of 4

No. 01-3506
- 3 -

The government has demonstrated a colorable argument of a clear abuse of discretion in the district court's ruling that is an issue of first impression in this court. However, the district court should not be unduly hampered in its efforts to resolve this case in a just and efficient manner.

Therefore, the motion for a stay is GRANTED in part. The provision of the April 12 order requiring the physical presence of a government official with full settlement authority at the May 18 status conference is stayed temporarily. However, a government official with sufficient authority to productively pursue settlement is required to be available either in person or by telephone during the May 18 status conference to consider the possibility of a settlement of the action.

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk