**FILED - GR**

March 7, 2024 11:20 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: لـك /3—7

**UNITED STATES DISTRICT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JP MORGAN CHASE BANK NATIONAL
ASSOSIATION

          Plaintiff,

V

JOHN W. HIGGINS, MARTHA R. HIGGINS; AND
UNITED STATES OF AMERICA,

          Defendants.

Case No. 1:23-cv-01112

Hon. Robert J. Jonker

Magistrate Judge Sally J. Berens

---

UNITED STATES OF AMERICA,

          Counterclaim/Crossclaim Plaintiff,

V

JOHN W. HIGGINS, MARTHA HIGGINS;

          Crossclaim Defendants,

          And

JPMORGAN CHASE BANK, N.A.

          Counterclaim Defendant.

---

Mark J. Magyar (P75090)
DYKEMA GOSSETT PLLC
Attorneys for Plaintiff
201 Townsend St., Suite 900
Lansing, MI 49301
Telephone:  (616) 776-7500
mmagyar@dykema.com

John Higgins, pro se
Martha Higgins, pro se
50102 Alpine Blvd.
Grand Beach, MI 49117
(312) 560-9620
jhiggins@higginsdevelopment.com

Sarah Stoner
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
T: (202) 514-1170 / F: (202) 514-5238
Sarah.Stoner@usdoj.gov
Counsel for United States

## ANSWER TO SECOND AMENDED COMPLAINT

NOW COME, Defendants, JOHN W. HIGGINS and MARTHA R. HIGGINS ("Higginses"). pro

se, and for their answer to the Plintiff's Complaint, state as follows:


1.  Higginses state the Plaintiff has an interest in Lot 18 as described in paragraph 2 of

Plaintiff's complaint.  Higginses deny that Plaintiff has an interest in Lot 203 as described in

paragraph 2 of Plaintiff's complaint.

2.  Higginses admits to the description of property described in paragraph 2.

3.  Higginses state the Plaintiff has an interest in Lot 18 as described in paragraph 2 of

Plaintiff's complaint.  Higginses deny that Plaintiff has an interest in Lot 203 as described in

paragraph 2 of Plaintiff's complaint.

4.  Higginses admit to the allegation of paragraph 4 in Plaintiff's complaint.

5.  Higginses acknowledge allegations made in paragraph 5 of Plaintiff's complaint.

6.  Higginses acknowledge as accurate the statement made in paragraph 6 of Plaintiff's

complaint.

7.  Higginses agree to the information in paragraph 7 of Plaintiff's complaint as accurate.

8.  Higginses acknowledge the layout in paragraph 8 to the best of their ability to be

accurate.

9.  Higginses admit the allegation in paragraph 9 of Plaintiff's complaint.

10. Higginses admit to purchasing Lot 18 in 1984, however in 2003 the structure of the home

was on Lot 18 and Lot 203 and not solely on Lot 18.

11. Higginses admit to purchasing Lot 203 in 2002, however Higginses do not believe Lot

203 is unbuildable.

12. Higginses do not believe they applied for combination of Lot 18 and Lot 203 but the lots were combined by the county and given PIN # 11-39-0500-0018-01-4.

13. Higginses admit to the allegations by Plaintiff complaint in Paragraph 13.

14. The overall description is as stated however the mortgage is the mortgage and only on Lot 18.

15. The overall description is as stated however the mortgage is the mortgage and only on Lot 18.

16. Higginses did enter into the "Further Advance Mortgage" however the purpose of the Line of Credit was not to contract for improvements to the home on Lot 18

17. Higginses do not believe they caused or created an "action or inaction [that] adversely affects the collateral or [Chase's] rights in the collateral.

18. Higginses admit the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Chase knew of the improvements at closing of the loan.

20. Higginses are without knowledge as to the allegations in Paragraph 20 of Plaintiff's Complaint and leaves Plaintiff to their strict proofs.

21. Higginses admit to the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Higginses deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Higginses admit to the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Higginses admit to the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Higginses admit to the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Higginses admit to the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Higginses admit to the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Higginses admit to the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Higginses admit to the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Higginses admit to the allegations in Paragraph 30 of Plaintiff's Complaint.

31. No Comment.

32. Higginses admit to the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Higginses disagree with the allegations made in Paragraph 33 of the Plaintiff's Complaint.

34. Higginses admit to the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Higginses are seeking legal opinion.

36. Higginses are without knowledge to admit or deny the allegations in Paragraph 36 and leaves Plaintiff to their strict proofs.

37. Higginses do not agree to A, B, C, and D.

38. No Comment.

39. Higginses disagree with the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Higginses disagree with the allegations in Paragraph 40 of Plaintiff's Complaint.

41. The combination was initiated and completed by the tax assessor's office of Barien County.

42. Higginses disagree with the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Higginses disagree with the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Higginses disagree with the allegations in Paragraph 44 of Plaintiff's Complaint.

45. The mortgage is and has always been on lot 18.  Higginses also disagree with request A, B, C, and D.

46. Higginses admit to the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Higginses are without knowledge to admit or deny the allegations in paragraph 47 of Plaintiff's Complaint and leaves Plaintiff to their strict proofs.

48. Higginses have no comment to the statements made in Paragraph 48 of Plaintiff's Complaint.

49. Higginses have no comment to the statements made in Paragraph 49 of Plaintiff's

Complaint.

50. Higginses have no comments to the statements made in Paragraph 50 of Plaintiff's

Complaint or the request in A, B, C

Dated: March 5, 2024

Respectfully Submitted,

By: _____

John W. Higgins

By: _____

Martha R. Higgins

J. Higgins
50102 Alpine Blvd.
Grand Beach, MI  49117



CLERK
399 FEDE
110 Mich
GRAND RA



*Retail* 



49503

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
NEW BUFFALO, MI 49117
MAR 05, 2024

**$6.51**

R2305H128013-06

42 45

OF U.S. DISTRICT COURT

RAL BLVD.

GAN ST. N.W.

PIDS, MI 49503