UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

    Plaintiff,

v

JOHN W. HIGGINS, MARTHA R. HIGGINS; and UNITED STATES OF AMERICA,

    Defendants.

---

UNITED STATES OF AMERICA,

    Counterclaim/Crossclaim Plaintiff,

v

JOHN W. HIGGINS, MARTHA R. HIGGINS;

    Crossclaim Defendants,

  and

JPMORGAN CHASE BANK, N.A,

    Counterclaim Defendant.

---

Case No.  1:23-cv-01112

Hon. Robert J. Jonker
Magistrate Judge Sally J. Berens

**BRIEF IN SUPPORT OF PLAINTIFF JPMORGAN CHASE BANK, N.A.'S MOTION PURSUANT TO FRCP 12(c) FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO COUNT I OF ITS SECOND AMENDED COMPLAINT AGAINST DEFENDANT HIGGINSES FOR JUDICIAL FORECLOSURE**

DYKEMA GOSSETT PLLC • Capitol View, 201 Townsend Street, Suite 900, Lansing, Michigan 48933

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS .......................................................................................................1

    I.       The Property...........................................................................................................1

    II.      The Mortgage Loan................................................................................................2

    III.     The Loan Modification .........................................................................................2

    IV.     The Higginses' Default And Chase's Entitlement To Foreclose As To Lot 18 ...................4

STANDARD OF REVIEW .....................................................................................................4

ARGUMENT ...........................................................................................................................6

    I.       Chase Is Entitled To Judgment On The Pleadings As To Count I Of The SAC Seeking Judicial Foreclosure Of Lot 18 ................................................................6

CONCLUSION ........................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ................................................................................ 5

*Greenberg v. Life Ins. Co. of Va.*,
    177 F.3d 507 (6th Cir. 1999) ............................................................................................. 6

*Grindstaff v. Green*,
    133 F.3d 416 (6th Cir. 1998) ............................................................................................. 5

*Marathon Petro Co. LP v. Future Fuels of Am., LLC*,
    No. 10-14068, 2011 U.S. Dist. LEXIS 143522 (E.D. Mich. Dec. 14, 2011) .............. 5, 6, 7

*RMI Titanium Co. v. Westinghouse Elec. Corp.*,
    78 F.3d 1125 (6th Cir. 1996) ............................................................................................. 5

**RULES**

Fed. R. Civ. P. 8(a) ....................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 4, 5

Fed. R. Civ. P. 12(c) ........................................................................................................... 1, 4, 6, 7

Fed. R. Civ. P. 16 .......................................................................................................................... 4

**INTRODUCTION**

On February 15, 2024, Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff" or "Chase") filed its Second Amended Complaint ("SAC") against Defendants John and Martha Higgins ("Defendants" or "Higginses").[1] (RE 33.) Count I of Chase's SAC is for judicial foreclosure based upon the Higginses' default on their mortgage loan with Chase. On March 8, 2024, the Higginses filed their Answer to Chase's SAC. (RE 51.) In their Answer, the Higginses "admit," "acknowledge," and/or "agree with" every material fact respecting the validity and enforceability of Chase's mortgage, Chase's interest in Lot 18 of the Property as legally described in the mortgage, the Higginses' default on their loan, and Chase's entitlement to foreclose. The Higginses did not assert any affirmative defenses or a counterclaim, cross claim, third-party complaint or any other claims. Accordingly, Chase respectfully requests that this Court enter judgment on the pleadings in Chase's favor as to Count I of the SAC pursuant to Fed. R. Civ. P. 12(c).

The parties' separate disputes as to whether Chase's mortgage also includes or should include the adjoining Lot 203 (Count II), and whose interest in Lot 203 is superior (Count III), are not at issue on this motion, as this motion seeks only partial judgment as to foreclosure on Lot 18 under Count I, for which there is no dispute by any party as set forth in the pleadings.

**STATEMENT OF FACTS**

**I.    The Property.**

The subject property is situated in the Township of New Buffalo, County of Berrien, State of Michigan, and is particularly described as:

---

[1] This motion relates only to Chase's claim for judicial foreclosure in Count I of the SAC against the Higginses. It does not relate to Chase's claim to determine order of priority of interests with respect to Lot 203 vis-a-vis the United States of America's tax lien (*see* Count III of SAC).

> **Lot 18, Alpine Valley, being a subdivision in part of the fractional Northwest quarter of fractional Section 17, and the fractional East half of Section 18, Township 8 South, Range 21 West, Village of Grand Beach, Berrien County, Michigan, according to the Plat thereof recorded June 4, 1979 in Book 23 of Plats, Page 27.**
>
> **Tax ID: 39-0500-0018-01-04**
>
> **Commonly known as: 50102 Alpine Blvd., New Buffalo MI 49117**

(the "Property"). (RE 33, PageID.162-163 (SAC ¶¶ 2, 7); RE 33-3, PageID.180 (mortgage); RE 51, Page ID.288 (Answer ¶¶ 2, 7).)

**II.   The Mortgage Loan.**

On March 16, 2005, the Higginses obtained a $999,999 loan from Chase, as evidenced by the promissory note and mortgage they signed. (RE 33, PageID.164 (SAC ¶ 13); RE 51, Page ID.289 (Answer ¶ 13).) The promissory note is Exhibit 2 to the SAC and the mortgage is Exhibit 3 to the SAC. (RE 33-2 (promissory note); RE 33-3 (mortgage); RE 51, Page ID.289 (Answer ¶ 13).) While the Higginses dispute that Lot 203 is included as security under the mortgage, they concede that, at minimum, "the mortgage is the mortgage and only on Lot 18." (RE 51, Page ID.289 (Answer ¶¶ 14, 15); *see also* RE 33-3, PageID.180 (Mortgage Legal Description of Lot 18).) The Higginses therefore agree that Chase "has an interest in Lot 18" under the mortgage. (RE 51, Page ID.288 (Answer ¶1).) Under the mortgage, one of Chase's available "rights and remedies on default" is "Judicial Foreclosure," including that Chase "may obtain a judicial decree foreclosing [the Higginses'] interest in all or any part of the Property." (RE 33-3, PageID.186-187.)

**III.   The Loan Modification.**

On July 9, 2021, September 23, 2021, and October 26, 2021, Chase provided letters to the Higginses informing them that their COVID-19 payment assistance would be ending soon,

2

on October 31, 2021. (RE 33, PageID.166 (SAC ¶ 25); RE 51, Page ID.289 (Answer ¶ 25).) On May 18, 2022, Chase sent a letter to the Higginses advising them that they had been approved for a loan modification. (RE 33, PageID.166 (SAC ¶ 26); RE 51, Page ID.289 (Answer ¶ 26).) As part of the modification, Chase advised the Higginses in the May 18, 2022 letter that Chase would adjust the unpaid principal balance of the Higginses' loan as follows:

| | |
|---|---|
| Current unpaid principal balance | $777,942.98 |
| Interest | $233,664.33 |
| Escrow advance | $139,426.86 |
| Recoverable costs | $855.62 |
| Less funds held in suspense | $(7,608.10) |
| Adjusted unpaid principal balance | $1,144,281.69. |

(*Id.*)

Effective July 1, 2022, Chase and the Higginses entered into the Loan Modification Agreement. (RE 33, PageID.166 (SAC ¶ 27); RE 51, Page ID.289 (Answer ¶ 27).) The Loan Modification Agreement is Exhibit 7 to the SAC. (RE 39; RE 51, Page ID.289 (Answer ¶ 27).) Under the Loan Modification Agreement, the parties agreed that the "New Principal Balance" was $1,144,281, which, pursuant to paragraph 2(B) of the Loan Modification Agreement, included all unpaid amounts and arrearages (excluding unpaid late charges), any outstanding amounts the payment of which may have been previously deferred under any prior agreement, including any deferred principal balances or other deferred balances and may include amounts toward taxes, insurance, or other assessments. (RE 33, PageID.166-167 (SAC ¶ 27); RE 51, Page ID.289 (Answer ¶ 27).)

3

In paragraphs 3C and 3D of the Loan Modification Agreement, the Higginses agreed that their note and mortgage with Chase are "valid, binding agreements, enforceable in accordance with their terms," and that all terms and provisions of the note and mortgage, "except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect," and "nothing in this [Loan Modification] Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the" note or mortgage.  (RE 33, PageID.167 (SAC ¶ 28); RE 51, Page ID.289 (Answer ¶ 28).)

### IV. The Higginses' Default And Chase's Entitlement To Foreclose As To Lot 18.

The Higginses defaulted on the Loan Modification Agreement. (RE 33, PageID.167 (SAC ¶ 29); RE 51, Page ID.289 (Answer ¶ 29).) As of February 15, 2024, the payoff quote for the Higginses' loan was $1,286,425.01, good through March 14, 2024. (RE 33, PageID.167 (SAC ¶ 30); RE 51, Page ID.289 (Answer ¶ 30).) The Higginses have not made the payoff.

The "Higginses admit to the allegations in Paragraph 34 of" Chase's SAC, (RE 51, Page ID.290 (Answer ¶ 34)), which alleges: "The interest in the Property held by Defendants John W. Higgins and Martha R. Higgins is subject to foreclosure of Chase's Mortgage, at least with respect to Lot 18, on which there is no dispute by any party that Chase holds a valid mortgage that is superior to all other claims of interest."[2] (RE 33, PageID.167 (SAC ¶ 34).)

### STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for

---

[2] Likewise, the Higginses orally advised this Court on the record of the January 29, 2024 Rule 16 Conference that they do not contest Chase's mortgage or their default on their mortgage loan as to Lot 18, but they hoped to achieve a "settlement" of this case. In addition, the United States agrees that Chase's mortgage as to Lot 18 is superior to the United State's tax lien as to Lot 18, as the only contested issue of priority regards Lot 203, which is not at issue on this motion. (*See* RE 52, PageID.303-304 (United States's Answer to SAC ¶ 34).)

4

failure to state a claim upon which relief can be granted. *Marathon Petro Co. LP v. Future Fuels of Am., LLC*, No. 10-14068, 2011 U.S. Dist. LEXIS 143522, at *7 (E.D. Mich. Dec. 14, 2011) (copy attached, **Exhibit A**), citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Id.*, citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Iqbal*, 129 S.Ct. at 1949-50. This presumption, however, is not applicable to legal conclusions. *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the

5

Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## ARGUMENT

**I.    Chase Is Entitled To Judgment On The Pleadings As To Count I Of The SAC For Judicial Foreclosure Of Lot 18.**

As set forth above, the Higginses admit and agree with all material facts establishing the validity and enforceability of Chase's mortgage, Chase's interest in Lot 18 of the Property as legally described in the mortgage, the Higginses' default on their loan, and Chase's entitlement to foreclose on Lot 18. Accordingly, judgment on the pleadings should enter for Chase on Count I of the SAC.

Although motions for judgment on the pleadings under Rule 12(c) are most often filed by defendants seeking dismissal of plaintiffs' claims, judgment on the pleadings is also available to plaintiffs, like Chase, where, as here, the pleadings demonstrate that plaintiff is entitled to judgment. For example, in *Marathon Petro Co. LP, supra*, 2011 U.S. Dist. LEXIS 143522, at *6 (Ex. A), the plaintiff moved for judgment on the pleadings with respect to the claims in its complaint pursuant to Federal Rule of Civil Procedure 12(c). The plaintiff argued "that it should be granted partial judgment on the pleadings, as [defendant] has admitted that it owes Plaintiff $6,552,000 under the PSA and the Improvement Agreements." *Id.* at *9. The plaintiff's argument was based upon the pleadings alone, and the court concluded that the defendant had "acknowledged that it owes the sum of $6,552,000 to Plaintiff under the various agreements between the parties, and the pleadings fail to allege any facts upon which this obligation can be excused." *Id.* at *11. The plaintiff was "therefore entitled to judgment on the pleadings in this amount with respect to its claims for breach of contract (Counts I, III, VII, and X) and account

6

stated (Count VIII)." *Id.* at *11-12. And because the validity of a guaranty had not been disputed, either, the plaintiff was "also entitled to judgment on the pleadings with respect to its claims for breach of the guaranty (Count II) and liability of [guarantor] (Count VI)." *Id*. at *12.

The same result is warranted here with respect to Chase's claim in Count I of the SAC for judicial foreclosure of Lot 18 because the Higginses admit and agree with all material facts entitling Chase to judgment, including that the Higginses obtained the mortgage loan of $999,999 from Chase on March 16, 2005, the loan is valid and enforceable, the mortgage encumbers Lot 18, the Higginses defaulted on their mortgage loan, their loan has a payoff balance through March 14, 2024 of $1,286,425.01 that they have not paid off, and Chase is entitled to foreclosure. (RE 51, Page ID.288, 289, 290 (Answer ¶¶ 2, 7, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 34).) The "pleadings fail to allege any facts upon which this obligation can be excused." *See Marathon Petro Co. LP, supra*, 2011 U.S. Dist. LEXIS 143522, at *11 (Ex. A).

## **CONCLUSION**

For these reasons, Plaintiff JPMorgan Chase Bank, N.A. respectfully requests that this Court: (1) grant its Motion for Partial Judgment on the Pleadings as to Count I of its Second Amended Complaint under Rule 12(c); (2) enter judgment for Chase on Count I of its SAC; and (3) grant such other relief as the Court deems proper. To the extent this Court grants this motion and enters judgment on the pleadings for Chase as to Count I of the SAC, Chase reserves the right to submit a proposed Judgment of Foreclosure.

Dated: March 15, 2024                        Respectfully submitted,

/s/ Mark J. Magyar
Mark J. Magyar (P75090)
DYKEMA GOSSETT PLLC
Attorneys for Plaintiff
201 Townsend St., Suite 900
Lansing, MI 49301
Telephone: (616) 776-7500/magyar@dykema.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2024, I electronically filed the foregoing motion and brief with the Clerk of the Court using the ECF system.

Copies of these documents were served by First-Class mail, postage prepaid, along with a courtesy copy via email, to the following:

> John Higgins, pro se
> Martha Higgins, pro se
> 50102 Alpine Blvd.
> Grand Beach, MI 49117
> (312) 560-9620
> jhiggins@higginsdevelopment.com

Dated: March 15, 2024                                                /s/ Mark J. Magyar

                                                                                Mark J. Magyar (P75090)
                                                                                DYKEMA GOSSETT PLLC
                                                                                Attorneys for Plaintiff
                                                                                201 Townsend St., Suite 900
                                                                                Lansing, MI 49301
                                                                                Telephone:  (616) 776-7500
                                                                                mmagyar@dykema.com