# UNITED STATES DISTRICT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION

              Plaintiff,

v

JOHN W. HIGGINS, MARTHA R. HIGGINS; and
UNITED STATES OF AMERICA,

              Defendants.

_____

UNITED STATES OF AMERICA,

              Counterclaim/Crossclaim Plaintiff,

v

JOHN W. HIGGINS, MARTHA R. HIGGINS;

              Crossclaim Defendants,

      and

JPMORGAN CHASE BANK, N.A,

              Counterclaim Defendant.

Case No.  1:23-cv-01112

Hon. Robert J. Jonker
Magistrate Judge Sally J. Berens

_____

## PLAINTIFF JPMORGAN CHASE BANK, N.A.'S ANSWER
## TO COUNTERCLAIM

Plaintiff/Counter-Defendant JPMorgan Chase Bank, N.A. ("Chase"), through its counsel,

Dykema Gossett PLLC, in answer to the Counterclaim of the United States of America (RE 52)

states as follows:

## DEFENDANT UNITED STATES OF AMERICA'S CROSSCLAIMS AND

## COUNTERCLAIM

### Jurisdiction

1.      The district court has jurisdiction over the crossclaims and counterclaim pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

**ANSWER:      Admitted.**

2.      The crossclaim defendant John W. Higgins resides in Berrien County, Michigan, within the jurisdiction of this Court and is one of the taxpayers and holds an ownership interest in the property described below.

**ANSWER:      On information and belief, admitted.**

3.      The crossclaim defendant Martha R. Higgins resides in Berrien County, Michigan, within the jurisdiction of this Court and is one of the taxpayers and holds an ownership interest in the property described below.

**ANSWER:      On information and belief, admitted.**

4.      The counterclaim defendant Chase claims an interest in the property described below by virtue of the mortgage described in its complaint.

**ANSWER:      Admitted that Chase claims an interest in the Property by virtue of Chase's Mortgage and its Notice of Lis Pendens.**

5.      The real property upon which the United States seeks to enforce its tax liens is located at 50102 Alpine Blvd., New Buffalo, Michigan 49117 (the "Property"), and is comprised of two separately acquired parcels ("Lot 18 Parcel" and "Lot 203 Parcel"). The legal description of the "Lot 18 Parcel is as follows:

> Lot 18, Alpine Valley, being a subdivision in part of the fractional Northwest quarter of fractional Section 17, and the fractional East half of Section 18, Township 8 South, Range 21 West, village of Grand Breach, Berrien County,

2

> Michigan, according to the Plat thereof recorded June 4, 1979 in Book 23 of Plats, Page 27.

Meaning to describe the property conveyed by North Beach Company, inc. to John W. Higgins and Martha R. Higgins, as tenants by the entirety, by indenture recorded at book 1215, page 416 in the records of Berrien County, Michigan on September 26, 1984, as instrument 1984014231 ("Lot 18 Parcel"). The legal description of the Lot 203 Parcel is as follows:

> Lot 203, New Park Addition to Grand Beach Springs, Sections 17 and 19, Township 8 South, Range 21 West, Village of Grand Breach, Berrien County, Michigan, according to the Plat thereof recorded March 10, 1923 in Book 6 of Plats, Page 48.

Meaning to describe the property conveyed by F.G. Connelly Mechanical Contractors, Inc. to John W. Higgins and Martha R. Higgins, as tenants by the entirety, by corporate warranty deed dated October 5, 2002, and recorded at book 2300, page 390 in the records of Berrien County, Michigan on October 14, 2002, as instrument 2002041222 (the "Lot 203 Parcel").

**ANSWER:** **Chase admits the facts regarding the Property and that the United States seeks to enforce its tax liens.**

### Count 1: Crossclaim to Reduce Federal Tax Liabilities to Judgment

6.      The United States incorporates by reference paragraphs 1 through 5 as if specifically realleged herein.

**ANSWER:** **Chase incorporates its answers to the prior paragraphs of the Counterclaim as though fully stated herein.**

7.      A delegate of the Secretary of the Treasury made joint income tax assessments against John and Martha Higgins based upon their self-reported returns for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of February 26, 2024, including assessed and accrued late payment penalties under 26 U.S.C. § 6651, and penalties

for failure to make estimated tax payments under 26 U.S.C. §6654, costs and statutory interests, and after applying any abatements, payments, and credits through February 25, 2024, as follows:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due as of 02/26/2024 |
|---|---|---|---|
| 12/31/2011 | 12/10/2012 | $248,553.32 | $483,596.60 |
| 12/31/2016 | 11/27/2017 | $236,445.00 | $400,649.65 |
| 12/31/2021 | 11/21/2022 | $ 24,535.00 | $ 28,637.01 |
| **Total Balance** | | | **$912,883.26** |

**ANSWER:   Chase lacks knowledge or information sufficient to form a belief as to paragraph 7 of the Counterclaim. Chase has no information that would lead it to believe that the allegations of paragraph 7 of the Counterclaim are inaccurate, but Chase makes no answer regarding the legal conclusions of Paragraph 7.**

8.      Notice of the liabilities described in paragraph [7] was given to, and payment demanded from, John and Martha Higgins.

**ANSWER:     On information and belief, admitted.**

9.      Despite proper notice and demand, John and Martha Higgins failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable to the United States in the amount of $912,883.26 as of February 26, 2024.

**ANSWER:     On information and belief, admitted.**

10.      Although the assessment for the 2011 year was made more than ten years ago, this action is timely under 26 U.S.C. § 6502 because, pursuant to 26 U.S.C. §§ 6330(e), 6331(i)(5) and (k)(2), the limitations period was suspended (a) for a total of 130 days, based on installment agreements that were established with the taxpayers in calendar years 2012, 2014, 2016, and 2021, but subsequently terminated (resulting in 30 days of tolling for each terminated installment agreement plus another 10 days of tolling while the 2014 installment agreement request was

pending), and (b) for another 217 days, during the period between August 1, 2013, when the IRS received a timely request for a collection due process ("CDP") hearing, and March 6, 2014, when the CDP hearing was resolved.

**ANSWER:**    **Paragraph 10 of the Counterclaim states legal conclusions to which no responses are required and, in any event, Chase lacks knowledge or information sufficient to form a belief as to the factual allegations of paragraph 10 of the Counterclaim.**

**Count 2: Claim Against All Parties to enforce Federal Tax Liens Against the Property**

11.    The United States incorporates by reference paragraphs 1 through 10 as if specifically realleged herein.

**ANSWER:**    **Chase incorporates its answers to the prior paragraphs of the Counterclaim as though fully stated herein.**

12.    Because John and Martha Higgins neglected, refused, or failed to pay the liabilities described in paragraph 7, after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property owned or later acquired by John and Martha Higgins, including the Property.

**ANSWER:**    **On information and belief, admitted, but Chase makes no answer regarding the legal conclusions of Paragraph 12.**

13.    In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien ("NFTL") securing the liabilities described in paragraph 7 were recorded at the Register of Deeds of Berrien County, Michigan as follows:

| Tax Years | Date Recorded | Instrument number | Liber/Page |
|---|---|---|---|
| 2011 | 5/24/21 | 2021317179 | 3328/2349 |
| 2016 | 5/24/21 | 2021317179 | 3328/2349 |
| 2021 | 6/6/23 | 2023381997 | 3405/1560 |

**ANSWER:     Chase admits that public records confirm the United States's recordation of a tax lien, but Chase makes no answer regarding the legal conclusions of Paragraph 13.**

14.     The NFTL covering the 2011 years was inadvertently allowed to expire, but on October 17, 2023, the IRS recorded a Certificate of Revocation of the release of the 2011 tax year lien at the Register of Deeds of Berrien County as instrument 2023391185, which reinstated the lien.

**ANSWER:     Chase lacks knowledge or information sufficient to form a belief as to the factual allegations of paragraph 14 of the Counterclaim.**

15.     The United States is entitled to enforce the federal tax liens described in paragraphs 12 and 13 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, in the priority stipulated to for Chase's payments of local property taxes; and third, to the United States to pay the liabilities described above, except to the extent that the Court determines that Chase or another party has a superior right, title, or interest.

**ANSWER:     Paragraph 15 of the Counterclaim states legal conclusions to which no responses are required and, in any event, Chase lacks knowledge or information sufficient to form a belief as to the factual allegations of paragraph 15 of the Counterclaim. Chase admits that it claims an interest in the Property under Chase's Mortgage and Notice of Lis Pendens, which Chase claims is superior to the interest of the United States.**

**AFFIRMATIVE DEFENSES**

1. Chase's interest in the Property is superior to the United States's interest in the Property as set forth in Chase's Second Amended Complaint.

2. Alternatively, equity requires subordinating the United States's interest in the Property to Chase's interest and/or reforming Chase's mortgage, particularly as to Lot 203, for the reasons set forth in Chase's Second Amended Complaint, and because the Higginses caused their home, which was previously confined to Lot 18, to encroach upon Lot 203 via an addition constructed to the home.


DYKEMA GOSSETT PLLC

Dated: March 18, 2024                    By: /s/ *Mark J. Magyar*
                                              Mark J. Magyar (P75090)
                                              Attorneys for Plaintiff and Counterclaim
                                              Defendant JPMorgan Chase Bank, N.A.
                                              Dykema Gossett PLLC
                                              Capitol View, 201 Townsend Street, Suite 900
                                              Lansing, Michigan 48933
                                              Telephone: (517) 374-9100


008241.002324  4893-3115-3324.1