FILED - GR
April 12, 2024 11:45 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: /B 4-12

# UNITED STATES DISTRICT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK NATIONAL ASSOSIATION | Case No. 1:23-cv-01112 |
| Plaintiff, | Hon. Robert J. Jonker |
| V | Magistrate Judge Sally J. Berens |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; AND UNITED STATES OF AMERICA, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim/Crossclaim Plaintiff, | |
| V | |
| JOHN W. HIGGINS, MARTHA HIGGINS; | |
| Crossclaim Defendants, | |
| And | |
| JPMORGAN CHASE BANK, N.A. | |
| Counterclaim Defendant. | |

**DEFENDANT HIGGINSES RESPONSE TO BRIEF IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FRCP 12(c) FOR PARTIAL JUDGEMENT ON THE PLEADINGS AS TO COUNT I OF ITS SECOND AMENDED COMPLAINT AGAINST DEFENDANT HIGGINSES FOR JUDICIAL FORECLOSURE**

## INTRODUCTION

On February 15, 2024, Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff" or "Chase") filed it Second Amended Complaint ( "SAC") against Defendants John and Martha Higgins ("Defendants" or "Higginses"). (RE 33.) Count 1 of Chase's SAC Is for judicial foreclosure based upon the Higginses default on their mortgage loan with Chase. On March 8, 2024, the Higginses filed their answer to Chase's SAC. (RE 51.). In their Answer, the Higginses "admit," "acknowledge," and/or "agree with" every material fact respecting the validity and enforceability of Chase's mortgage, Chase's interest in Lot 18 of the Property as legally described in the mortgage, the Higginses default on their loan, and Chase's entitlement to foreclose. The Higginses did not assert any affirmative defenses or a counterclaim, cross claim, third party complaint or any other claims. Accordingly, Chase respectfully requests that this Court enter judgment on the pleadings in Chase's favor as to Count 1 of the SAC pursuant to Fed. R. Civ. P. 12(c)

The parties' separate disputes as to whether Chase's mortgage also includes or should include the adjoining Lot 203 (Count II ), and whose interest In Lot 203 is superior (Count III), are not at issue on this motion, as this motion seeks only partial judgment as to foreclosure on Lot 18 under Count 1, for which there is no dispute by any party as set forth in the pleadings.

**RESPONSE**

The Higginses do not acknowledge in their answer that they "admit", "acknowledge", and or "agree with" with every material fact respecting the validity and enforceability of Chase's mortgage. It is the Chase mortgage which only encumbers Lot 18, and not Lot 203, that has compromised the value of the property. The home improvements are constructed approximately 60% on Lot 18 and 40% on Lot 203. In addition there are required setback zoning requirements. If the court enters a judgement on the pleadings in Chase's favor as to Count 1 of the SAC, it will cause the property to be unmarketable, and drastically diminish the property value.

The Higginses respectfully request that this Court deny the request for judgement on Count 1, and allow the Second Amended Complaint to be argued in its entirety.

## STATEMENT OF FACTS

1. <u>The Property.</u>

The subject property is situated in the Township of New Buffalo, county of Berrien, State of Michigan, and is particularly described as:

Lot 18, Alpine Valley, being a subdivision in part of the fractional Northwest quarter of fractional Section 17, and the fractional East Half of Section 18, Township 8 South, Range 21 West, Village of Grand Beach, Berrien County, Michigan, according to Plat thereof recorded June 4, 1979 in Book 23 of Plats, Page 27.

Tax ID: 39-0500-0018-01-04

Commonly known as: 50102 Alpine Blvd., New Buffalo MI 49117

(the "Property"). (RE 33, PageID. 162-163 (SAC 2, 7); RE 33-3,

PageID.180 (mortgage); RE 51, Page ID.288 (Answer 2,7).

**RESPONSE**

1. <u>The Property.</u>

In addition to Lot 18, described above, a substantial amount of the improvements also exist on Lot 203 as described below.

Lot 203, New Park Addition to Grand Beach Springs, Sections 17 and 19, Township 8 South, Range 21 West, Village of Grand Beach, Berrien County, Michigan according to the Plat thereof recorded March 120, 1923

In Book 6 of Plats, Page 48.

The reason the Tax ID number (shown above) is the same for both

Lot 18 and Lot 203, is solely the action of Berrien County merging both

lots for administrative reasons.

Second Amendment Complaint Number 33 is not accurate.

II. <u>The Mortgage Loan</u>.

On March 16, 2005, the Higginses obtained $999,999 loan from Chase,

as evidenced by the promissory note and mortgage they signed. (RE 33,

Page ID. 164 (SAC 13) ; RE 51, Page ID 289 (Answer 13).). The promissory note is

Exhibit 2 to the SAC and the mortgage is Exhibit 3 to the SAC. (RE 33-2

(promissory note); RE 33-3 (mortgage); RE 51, Page ID.289 (Answer 13.)

While the Higginses dispute that Lot 203 is included as security under the

mortgage, they concede that, at a minimum, "the mortgage is the mortgage And only on Lot 18". (RE 51, Page ID.289 (Answer 14, 15); see also RE 33-3, Page ID.180 (Mortgage Legal Description of Lot 18).). The Higginses therefore agree that Chase "has an interest in Lot 18" under the mortgage. ( RE 51 Page ID.288 (Answer 1).). Under the mortgage, one of Chase's available "rights and remedies on default" is "Judicial Foreclosure", including that Chase "may obtain a judicial decree foreclosing ( the Higginses) interest in all or part of the Property." (RE 33-3, Page ID.186-187.)

**RESPONSE**

II. The Mortgage Loan

The Higginses did obtain the March 16, 2005, $999,999 loan as evidenced by the note and mortgage. The mortgage clearly states that the security and improvements on Lot 18 are included, however, the mortgage does not include Lot 203 or the improvements on Lot 203. Lot 203 and all of the home improvements existed on March 16, 2005. It is clear that Chase chose to not include Lot 203 or the home improvements. Chase has an interest in Lot 18, however its interest is incomplete as to the total home improvements.

The granting of Judicial Foreclosure prior to a full and complete hearing on Counts I, II, and III, in the Second Amended Complaint, would diminish

the value of the Higginses property.

III. <u>The Loan Modification</u>.

On July 9, 2021, September 23, 2021, and October 26, 2021, Chase provided letters to the Higginses informing them that their COVID-19 payment assistance would be ending soon, on October 31, 2021. (RE 33, Page ID.166 (SAC. 25); RE 51, Page ID.289 (Answer 25).). On May 18, 2022, Chase sent a letter to The Higginses advising them that they had been approved for a loan modification. (RE 33, Page ID. 166 (SAC 26); RE 51, Page ID. 289 (Answer 26). As part of the modification, Chase advised the Higginses in the May 18, 2022 letter that Chase would adjust the unpaid principal balance of The Higginses loan as follows:

| | |
|---|---|
| Current unpaid principle balance | $777,942.98 |
| Interest. | $233,664,33 |
| Escrow advance | $139,426.86 |
| Recoverable costs | $855.62 |
| Less funds held in suspense | $(7,608.10) |
| Adjusted unpaid principle balance | $1,144,281.69 |

(Id.)

Effective July 1, 2022, Chase and the Higginses entered into the Loan Modification Agreement. (RE 33, PageID. 166 (SAC 27); RE 51, Page ID 289 (Answer 27).). The Loan Modification Agreement is Exhibit 7 to the SAC.

(RE 39; RE 51, Page ID.289 (Answer 27).) Under the Loan Modification Agreement, the parties agreed that the "New Principal Balance" was $1,144,281, which, pursuant to paragraph 2(B) of the Loan Modification Agreement, included all unpaid amounts and arrearages (excluding unpaid late charges), any outstanding amounts the payment of which may have been previously deferred under any prior agreement, including any deferred principal balances or other deferred balances and may include amounts toward taxes, insurance, or other assessments (RE 33, Page ID.166-167 (SAC 27); RE 51, Page ID.289 (Answer 27).)

In paragraph 3C and 3D of the Loan Modification Agreement, the Higginses agreed that their note and mortgage with Chase are "valid, binding agreements, enforceable in accordance with their terms", and that all terms and provisions of the note and mortgage, "except as expressly modified by this Agreement, or by the U.S. bankruptcy Code, remain in full force and effect, " and "nothing in this (Loan Modification) Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the" note or mortgage. (RE33, Page ID.167 (SAC 28); RE 51, Page ID.289 (Answer 28).)

**RESPONSE**

III.   The Loan Modification

Regarding the May 18, 2022, approved Loan Modification, the Higginses notified Chase that the new terms would be difficult financially, and asked Chase to consider lower monthly payments. Chase declined, and having no other option at the time, The Higginses agreed to the modification.

The July 1, 2022, Loan Modification continues to cite Lot 18 and the improvements, which only include approximately 60% of the home. Chase, on March 16, 2005, excluded Lot 203 and its improvements, which are approximately 40% of the home.

IV.   The Higginses' Default And Chase's Entitlement to Foreclosure
       As to Lot 18

The Higginses defaulted on Loan Modification Agreement. (RE 33, Page ID. 167 (SAC 29); RE 51, Page ID.289 (Answer 29).) As of February 15, 2024, the payoff quote for the Higginses loan was $1,286,425.01, good through March 14, 2024. (RE 33, Page ID. 167 (SAC 30); RE 51, Page ID.289 (Answer 30).). The Higginses have not made the payoff. The " Higginses  admit to the allegations in Paragraph 34 of " Chase's SAC, (RE 51, Page ID.290 (Answer. 34), which alleges: "the interest in the property held by Defendants John W. Higgins and Martha R. Higgins is subject to foreclosure of Chase's Mortgage, at least with respect to Lot 18, on which

there is no dispute by any party that Chase holds a valid mortgage that is superior to all other claims of interest." (RE 33, Page ID. 167 (SAC. 34).)

**RESPONSE**

IV. <u>The Higginses Default and Chase's Entitlement to Foreclosure to Lot 18</u>

The Higginses did not default by constructing improvements on Lot 203 after March 16, 2005. The improvements existed on March 16, 2005 when the loan closed. Chase chose to only include Lot 18 in its mortgage. Lot 18 includes only 60% of the home improvements.

## ARGUMENT

I. <u>Chase Is Entitled To Judgment On The Pleadings As To Count 1 Of The SAC For Judicial Foreclosure of Lot 18.</u>

As set forth above, the Higginses admit and agree with all material facts establishing the validity and enforceability of Chase's mortgage, Chase's Interest in Lot 18 of the property as legally described in the mortgage, the Higginses' default on their loan, and Chase's entitlement to foreclosure on Lot 18. Accordingly, judgment on the pleadings should enter for Chase on Count 1 of the SAC.

Although motions for judgment on the pleadings under Rule 12(c) are most often filed by defendants seeking dismissal of plaintiffs' claims, judgment on the pleadings is also available to plaintiffs, like Chase, where, as here, the pleadings demonstrate that plaintiff is entitled to judgement. For example,

in Marathon Petro Co.LP, Supra, 2011 U.S. Dist. LEXIS 143522, at *6 (Ex. A), the plaintiff moved for judgment on the pleadings with respect to the claims in its complaint pursuant to Federal Rule of Civil Procedure 12(c). The plaintiff argue "that it should be granted partial judgment on the pleadings, as (Defendant) has admitted that it owes Plaintiff $6,552,000 under PSA and The Improvement Agreements." Id at *9. The plaintiff's argument was based upon the pleadings alone, and the court concluded that the defendant had "Acknowledged that it owes the sum of $6,552,000 to Plaintiff under various agreements between the parties, and the pleadings fail to allege any facts upon which this obligation can be excused". Id. At 11. The plaintiff as "therefore entitled to judgment on the pleadings in this amount with respect to its claims for breach of contract (Counts I, III, VII, and X) and account stated (Count VIII)." Id. at * 11-12. And because the validity of a guaranty had not been disputed, either, the plaintiff was " also entitled to judgment on the pleadings with respect to its claims for breach of the guaranty (Count II) and liability of ( guarantor) (Count VI)." Id.at *12.

 The same result is warranted here with respect to Chase's claim in Count 1 of the SAC for judicial foreclosure of Lot 18 because the Higginses admit and agree with all material facts entitling Chase to judgment, including that the Higginses obtained the mortgage loan of $999,999 from Chase on March 16, 2005, the loan is valid and enforceable, the mortgage encumbers Lot 18, the Higginses defaulted on their mortgage loan, their loan has a payoff

balance through March 14, 2024 of $1,286,425.01 that they have not paid off, and Chase is entitled to foreclosure. (RE 51, page ID.288, 289, 290 (Answer 2, 7, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 34).).). The "pleadings fail to allege any facts upon which this obligation can be excused." See Marathon Petro Co. LP, Supra, 2011 U.S. Dist. LEXIS 143522, at * 11 (Ex. A).

**RESPONSE**

## ARGUMENT

I. <u>Chase Is Entitled to Judgement On The Pleadings As To Count 1 Of The SAC For Judicial Foreclosure of Lot 18</u>

Chase is not entitled to Judgment on the pleadings as to Count 1 of the SAC for Judicial Foreclosure on Lot 18.

The Higginses did agree that Chase has a mortgage on Lot 18. They do not agree to the validity and enforceability of the Chase mortgage. When the loan was made on March 16, 2005, Chase chose to mortgage Lot 18 and the improvements on Lot 18, which only included 60% of the home improvements. The other improvements were on Lot 203. They included: septic waste system, heating and cooling mechanical systems, required ingress and egress, plumbing, hot water system, and electrical system, to name a few. The Lot 203 improvements are integral to the house functioning.

The Higginses respectfully submit that if the Court allows Chase to foreclose on Lot 18, it will materially effect the value of the Higginses property, prior to the Dispute Resolution of the issues in Chase's Counts 1,

2, and 3.

The facts regarding the Chase Tax Identification Number argument are as follows:

In 2002, Lot 203 had the Tax Identification Number of 11-39-5250-0203-00-2. In 2003 the New Buffalo Township Assessor elected, for tax billing purposes, to combine the property tax numbers for Lot 18 and Lot 23 under the new Tax Identification Number of 39-0500-0018-01-4. As part of their tax identification numbers combination, the legal descriptions for Lot 18 and Lot 203 stayed the same

In the Partial Judgment Motion, the plaintiff has not set forth a "plausible" claim. Common sense would dictate that foreclosing on a partial house has limited value. Therefore, foreclosure on Lot 18 at this time should be denied.

The Higginses amend and expand answers 2, 7, 13, 14, 15, 16, 25, 27, 28, 29, 30, 34 in the SAC as follows:

#2. The Higginses admit to the description of property described in Paragraph 2. However, Chase only has a mortgage on Lot 18 and no Interest in Lot 203.

#3. The Higgins agree to the information in Paragraph 7, however, the facts of the Tax Identification number are stated above. The address is a U.S. Postal issue, not a legal description of Lot 18 or Lot 203.

#13. The Higginses admit to the allegations, however, only to the collateral

of and on Lot 18.

#14. The overall description is as stated, however, the Mortgage is the Mortgage and is only on Lot 18. The inclusion of the address and Tax ID are just information. If Chase meant to include Lot 203 as part of its collateral it would need to specifically state the legal description of Lot 203 in its mortgage.

#15 The overall description is as stated, however, the Mortgage is the Mortgage, and only on Lot 18. This answer is amended with the same language as # 14 above.

#16. The Higginses did enter into the "Further Advance Mortgage", however, the purpose of the line of credit was not to contract for improvements to the home on Lot 18. The funds actually were used for decorating the improvements on Lot 203, which existed at the time of the " Further Advance Mortgage" funding. Chase only secured the Mortgage with Lot 18.

#25, 26, 27, 28, 29, 30. All of these numbered allegations pertain to Lot 18 as collateral.

The Higgins amend their answers and reiterate that the Lot 18 collateral, as previously stated, consists of only approximately 60% of the home. As a practical matter, foreclosure on Lot 18 damages the Higginses property in numerous ways.

#34. The Higginses admit to the allegation. The Higginses amend their answers as follows. Chase may or may not hold a valid mortgage that is superior to all other claims. Allegation #33 claims the Higginses adversely affected the

collateral by making Lot 18 unmarketable when the Higginses constructed the improvements on Lot 203. The improvements on Lot 203 were constructed prior to March 16, 2005, and Chase chose to not include them in their mortgage. Chase states in Allegation #33 that Lot 18 is unmarketable. This has been caused by Chase not by the Higginses.

This answer to Partial Judgment sets forth the reasons why this request should be denied

## CONCLUSION

For these reasons, Plaintiff JPMorgan Chase Bank, N.A. respectfully Requests that this Court: (1) grant its motion for Partial Judgment on the Pleadings as to Count 1 of its Second Amended Complaint under Rule 12 (c) ; (2) enter judgment for Chase on Count I of its SAC; and (3) grant such other relief as the Court deems proper. To the extent this Court grants this motion and enters judgment on the pleadings for Chase as to Count 1 of the SAC, Chase reserves the right to submit a proposed Judgment of Foreclosure.

**RESPONSE**

## CONCLUSION

For all of the reasons that have been stated, the Higginses respectfully request that this Court deny Chase's motion for Partial Judgment.

Respectfully submitted: *John W. Higgins*  April 9, 2024
John W. Higgins
Martha R. Higgins *Martha R. Higgins*
50102 Alpine Blvd.
Grand Beach, MI 49117
jhiggins@higginsdevelopment.com

Case 1:23-cv-01112-RJJ-SJB   ECF No. 66,   PageID.379   Filed 04/12/24   Page 16 of 17





MAIL
0947 1577 10

Retail
RDC 99

U.S. POSTAGE PAID
FCM LG ENV
NEW BUFFALO, MI 49117
APR 09, 2024
R2305H128013-06

U.S. DISTRICT COURT
RAL BLVD.
AN ST. N.W.
PIDS, MI 49503

J. Higgins
50102 Alpine Blvd.
Grand Beach, MI  49117



CERTIFIED
9589 0710 5270

CLERK of
399 FEDE
110 MICHI
GRAND RA