FILED - GR
April 17, 2024 11:35 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW / 4-17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ) | Case No. 1:23-cv-01112 |
| Plaintiff, ) | Hon. District Judge Robert J. Jonker |
| ) | Magistrate Judge Sally J. Berens |
| v. ) | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, ) | |
| Defendants. ) | |
| UNITED STATES OF AMERICA, ) | |
| Counterclaim/Crossclaim Plaintiff, ) | |
| v. ) | |
| JOHN W. HIGGINS and MARTHA R. HIGGINS, ) | |
| Crossclaim Defendants, ) | |
| And ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| Counterclaim Defendant. ) | |

## DEFENDANT JOHN AND MARTHA HIGGINS RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S CROSSCLAIMS AND COUNTERCLAIM

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings the following crossclaims against defendants John W. Higgins and Martha R. Higgins, and counterclaim against plaintiff JPMorgan Chase Bank, National Association

1

("Chase") to collect the unpaid federal income tax liabilities of John and Martha Higgins and to enforce the liens of the United States securing those debts against the property, as defined below. The United States resubmits its crossclaims and counterclaim (originally filed as ECF No. 9) in its response pleading to Chase's second amended complaint, consistent with the Court's order issued on January 31, 2024 (ECF No. 29). For this crossclaim and counterclaim, the United States alleges as follows:

### Jurisdiction

1. The district court has jurisdiction over the crossclaims and counterclaim pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

**Response: Defendant assumes district court has jurisdiction.**

2. The crossclaim defendant John W. Higgins resides in Berrien County, Michigan, within the jurisdiction of this Court and is one of the taxpayers and holds an ownership interest in the property described below.

**Response: Defendant resides in Berrien County, assumes the court has jurisdiction and holds an ownership interest in the property.**

3. The crossclaim defendant Martha R. Higgins resides in Berrien County, Michigan, within the jurisdiction of this Court and is one of the taxpayers and holds an ownership interest in the property described below.

**Response: Defendant resides in Berrien County, assumes the court has jurisdiction and holds an ownership interest in the property.**

4.   The counterclaim defendant Chase claims an interest in the property described below by virtue of the mortgage described in its complaint.

**Response: Agreed regarding Lot 18 but not Lot 203.**

5.   The real property upon which the United States seeks to enforce its tax liens is located at 50102 Alpine Blvd., New Buffalo, Michigan 49117 (the "Property"), and is comprised of two separately acquired parcels ("Lot 18 Parcel" and "Lot 203 Parcel"). The legal description of the "Lot 18 Parcel is as follows:

> Lot 18, Alpine Valley, being a subdivision in part of the fractional Northwest quarter of fractional Section 17, and the fractional East half of Section 18, Township 8 South, Range 21 West, village of Grand Breach, Berrien County, Michigan, according to the Plat thereof recorded June 4, 1979 in Book 23 of Plats, Page 27.

Meaning to describe the property conveyed by North Beach Company, inc. to John W. Higgins and Martha R. Higgins, as tenants by the entirety, by indenture recorded at book 1215, page 416 in the records of Berrien County, Michigan on September 26, 1984, as instrument 1984014231 ("Lot 18 Parcel"). The legal description of the Lot 203 Parcel is as follows:

> Lot 203, New Park Addition to Grand Beach Springs, Sections 17 and 19, Township 8 South, Range 21 West, Village of Grand Breach, Berrien County, Michigan, according to the Plat thereof recorded March 10, 1923 in Book 6 of Plats, Page 48.

Meaning to describe the property conveyed by F.G. Connelly Mechanical Contractors, Inc. to John W. Higgins and Martha R. Higgins, as tenants by the entirety, by corporate warranty deed

dated October 5, 2002, and recorded at book 2300, page 390 in the records of Berrien County, Michigan on October 14, 2002, as instrument 2002041222 (the "Lot 203 Parcel").

**Response: Defendant agrees the legal descriptions to be accurate.**

### Count 1: Crossclaim to Reduce Federal Tax Liabilities to Judgment

6. The United States incorporates by reference paragraphs 1 through 5 as if specifically realleged herein.

**Response: Understood.**

7. A delegate of the Secretary of the Treasury made joint income tax assessments against John and Martha Higgins based upon their self-reported returns for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of February 26, 2024, including assessed and accrued late payment penalties under 26 U.S.C. § 6651, and penalties for failure to make estimated tax payments under 26 U.S.C. §6654, costs and statutory interests, and after applying any abatements, payments, and credits through February 25, 2024, as follows:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due as of 02/26/2024 |
|---|---|---|---|
| 12/31/2011 | 12/10/2012 | $248,553.32 | $483,596.60 |
| 12/31/2016 | 11/27/2017 | $236,445.00 | $400,649.65 |
| 12/31/2021 | 11/21/2022 | $ 24,535.00 | $ 28,637.01 |
| **Total Balance** | | | **$912,883.26** |

**Response: During January 2023 through July 2023, John and Martha Higgins worked with the Portage Michigan office of the IRS and agent Nolene E. Ritchie ID Number –**

4

1000237309. The conclusion of that effort was a decision of Case Closed – currently not collectable as shown in the attached exhibit A. John and Martha Higgins disagree with the February 25, 2024 amounts owed. On August 2, 2023 the IRS deemed the case closed and taxes not collectible.

8. Notice of the liabilities described in paragraph 8 was given to, and payment demanded from, John and Martha Higgins.

**Response: Defendant believes the reference to be to paragraph 7. Pursuant to Exhibit A, payment demand for John and Martha Higgins was not made, the case was closed and deemed currently not collectable.**

9. Despite proper notice and demand, John and Martha Higgins failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable to the United States in the amount of $912,883.26 as of February 26, 2024.

**Response: Defendant disagrees. Proper notice and demand may or may not have been given. John and Martha Higgins did not fail, neglect or refuse to pay. From January 2023 through June 2023 worked with the Portage Michigan office of the IRS and agent Nolene E. Ritchie ID Number – 1000237309. John and Martha Higgins responded and answered every question asked by Agent Richie. The conclusion of that effort was a decision of Case Closed – currently not collectable as shown in the attached exhibit A.**

10. Although the assessment for the 2011 year was made more than ten years ago, this action is timely under 26 U.S.C. § 6502 because, pursuant to 26 U.S.C. §§ 6330(e), 6331(i)(5) and (k)(2), the limitations period was suspended (a) for a total of 130 days, based on installment agreements that were established with the taxpayers in calendar years 2012, 2014, 2016, and 2021, but subsequently terminated (resulting in 30 days of tolling for each terminated installment agreement plus another 10 days of tolling while the 2014 installment agreement request was pending), and (b) for another 217 days, during the period between August 1, 2013, when the IRS received a timely request for a collection due process ("CDP") hearing, and March 6, 2014, when the CDP hearing was resolved.

**Response: John and Martha Higgins do not believe this action is timely. Our calculations suggest that even with the timing calculation suspensions, 10 years has passed. The fact is the 2011 tax amount of $483,596.60 is no longer owed.**

**Count 2: Claim Against All Parties to enforce Federal Tax Liens Against the Property**

11. The United States incorporates by reference paragraphs 1 through 10 as if specifically realleged herein.

**Response: Understood.**

12. Because John and Martha Higgins neglected, refused, or failed to pay the liabilities described in paragraph 7, after notice and demand, federal tax liens arose pursuant to 26 U.S.C.

6

§§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property owned or later acquired by John and Martha Higgins, including the Property.

**Response: Defendant disagrees as stated in the response to paragraph 7. John and Martha Higgins worked with the IRS and the IRS closed the case and deemed the amounts currently not collectable.**

13. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien ("NFTL") securing the liabilities described in paragraph 7 were recorded at the Register of Deeds of Berrien County, Michigan as follows:

| Tax Years | Date Recorded | Instrument number | Liber/Page |
|---|---|---|---|
| 2011 | 5/24/21 | 2021317179 | 3328/2349 |
| 2016 | 5/24/21 | 2021317179 | 3328/2349 |
| 2021 | 6/6/23 | 2023381997 | 3405/1560 |

**Response: John and Martha Higgins assume this was recorded but have not confirmed.**

14. The NFTL covering the 2011 years was inadvertently allowed to expire, but on October 17, 2023, the IRS recorded a Certificate of Revocation of the release of the 2011 tax year lien at the Register of Deeds of Berrien County as instrument 2023391185, which reinstated the lien.

**Response: The Notice of Federal Tax Lien was not inadvertently allowed to expire, it was believed to be released based on the review of the IRS Portage office findings in August 2023 and was removed. Additionally, the amounts owed for 2011 have expired as stated in response to paragraph 10.**

7

15.     The United States is entitled to enforce the federal tax liens described in paragraphs 12 and 13 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, in the priority stipulated to for Chase's payments of local property taxes; and third, to the United States to pay the liabilities described above, except to the extent that the Court determines that Chase or another party has a superior right, title, or interest.

**Response: We do not believe the United States is intitled to enforce federal tax liens against the property as a result of the IRS "the client agency" closing the case in August 2023. This issue has been brough on by Chase in     refusing to negotiate a mutually agreeable modification of the loan. This is all happening as a result of Chase and its collateral issue which they have known about for years. Chase collateral is only on Lot 18 which contains only a portion of the house. Chase actions in attempting to add Lot 203 to its collateral and create a mortgage lien position ahead of the federal tax lien has prompted the US to take its current action which is in contrast to the IRS correspondence in August 2023. We assume in August 2023, the IRS took into consideration amongst other items, our ages of 78 and 77 and our only asset being our house which we reside in and have for 40 years.**

8

**Regarding rights of redemption, these rights should not be removed as they exist as 6 months in the State of Michigan.**

WHEREFORE, defendant and counter and crossclaim plaintiff United States of America requests the following relief:

    A.    Judgment against the defendants John and Martha Higgins, for the income tax periods ending December 31, 2011, December 31, 2016, and December 31, 2021, in the amount of $912,883.26, plus statutory additions and interest accruing from and after February 26, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

**Response: John and Martha Higgins do not agree that a judgement should be entered for the income tax periods ending December 31, 2011, December 31, 2016 and December 31, 2021 as the amounts were deemed uncollectable by the IRS on August 2, 2023. See exhibit A.**

    B.    A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Property;

Response: John and Martha Higgins do not believe the United States has a valid federal tax lien for tax year 2011. In addition, all amounts were deemed uncollectible by the IRS.

9

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 16 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United Staes), free and clear of all rights, titles, claims, liens, and interest of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, in the priority stipulated to for Chase's payments of local property taxes; and third, to the United States to pay the liabilities described above, except to the extent that the Court determines that Chase or another party has a superior right, title, or interest; and,

**Response: John and Martha Higgins do not believe the court should order a judicial sale of the entire property as there are many issues to resolve as stated in John and Martha Higgins response to this Crossclaim and Counterclaim, the Chase partial judgement, and the response to the Chase Second Amended Complaint.**

D. The United States shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

Dated: April 14, 2024                                    Respectfully Submitted,

                                                         By: */s/ John Higgins*

10

John W. Higgins

By: *[signature: Martha R. Higgins]*

Martha R. Higgins






Retail

49503

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
NEW BUFFALO, MI 49117
APR 15, 2024

**$6.51**

R2305H128013-06

THE U.S. DISTRICT COURT
~RAL BLVD
~GAN ST. N.W.
~PIDS, MI 49503

J. Higgins
50102 Alpine Blvd.
Grand Beach, MI 49117



9589 0710

CLeRK OF
399 FeD.
110 MICHI
GRAND RA