UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

      Plaintiff,

v

JOHN W. HIGGINS, MARTHA R. HIGGINS; and UNITED STATES OF AMERICA,

      Defendants.

---

UNITED STATES OF AMERICA,

      Counterclaim/Crossclaim Plaintiff,

v

JOHN W. HIGGINS, MARTHA R. HIGGINS;

      Crossclaim Defendants,

   and

JPMORGAN CHASE BANK, N.A,

      Counterclaim Defendant.

Case No. 1:23-cv-01112

Hon. Robert J. Jonker
Magistrate Judge Sally J. Berens

---

**REPLY BRIEF IN SUPPORT OF PLAINTIFF JPMORGAN CHASE BANK, N.A.'S MOTION PURSUANT TO FRCP 12(c) FOR PARTIAL JUDGMENT ON THE PLEADINGS AS TO COUNT I OF ITS SECOND AMENDED COMPLAINT**

The response (RE 65, 66) of Defendants John and Martha Higgins ("Higginses") serves only to confirm that Plaintiff JPMorgan Chase Bank, N.A. ("Chase") is entitled to partial judgment on the pleadings under Fed. R. Civ. P. 12(c) as to Count I of Chase's Second Amended Complaint ("SAC"). Accordingly, Chase is entitled to a judgment of foreclosure as to Lot 18 of the subject Property (as defined in Chase's opening brief, RE 55, PageID# 324-325). The

following three aspects of the Higginses' response demonstrate that the Higginses have failed to present any viable argument or defense in opposition to Chase's motion:

**1.)** Chase set forth the paragraphs of its SAC and the Higginses' corresponding Answer in which the Higginses admitted all material facts demonstrating Chase's entitlement to judicial foreclosure as to Lot 18. (*See* RE 51, PageID# 288, 289, 290 (Higginses' Answer ¶¶ 2, 7, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 34).)

Any attempt by the Higginses in their response to disavow these admissions is ineffective. The Higginses purport to use their response brief as an opportunity to "amend and expand" upon their Answer to the SAC, (RE 66, PageID# 375), but the Higginses have not sought leave to amend their Answer under Fed. R. Civ. P. 15, nor is there any justification for such an amendment stated in or apparent from their response. *See, e.g., Robinson v. Farlin*, No. 22-cv-10751, 2023 U.S. Dist. LEXIS 135886, at *12 (E.D. Mich. July 14, 2023) ("Parties cannot add pleadings through a response brief."), citing *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

**2.)** In any event, these "amend[ed] and expand[ed]" assertions of the Higginses' response brief, even if considered, *still admit* all material facts entitling Chase to the partial judgment it seeks as to Count I of the SAC. Indeed, the Higginses still admit (repeatedly) that Chase's Mortgage "encumbers Lot 18." (E.g., RE 66, PageID# 366.) Most bluntly, the Higginses admit in their response: "The Higginses *did agree* that Chase has a mortgage on Lot 18." (RE 66, PageID# 374 (emphasis added).) They repeatedly assert that Chase "only has a mortgage on Lot 18" and they admit that Lot 18 is the "collateral" securing the mortgage loan, (RE 66, PageID# 366, 368, 371, 374, 375, 376), which is the only lot at issue on Chase's motion. The Higginses admit to obtaining the $999,999 loan from Chase, which they also admit "clearly states that the

2

security and improvements on Lot 18 are included" and, therefore, "Chase has in interest in Lot 18[.]" (RE 66, PageID# 368.)

The Higginses also continue to admit that they entered the July 1, 2022 Loan Modification and that it also covers Lot 18. They suddenly contend that they "notified" Chase that the modification "would be difficult financially" for them, but they argue that they had "no other option at the time," so they admittedly "*agreed to the modification*" in order to try to stay in the home. (RE 66, PageID# 371) (emphasis added). These new assertions do not allege anything resembling duress or any other legal justification for voiding the Loan Modification Agreement, which they admit they voluntarily executed. They admit in their response that this Loan Modification Agreement covers "Lot 18 and the improvements." (*Id*.)

Finally, the Higginses continue to admit in their response that they "*are not current* on their principle [sic] and interest payments," (RE 65, PageID# 360, emphasis added), which is an understatement, to say the least. Yet, the Higginses feign ignorance as to the meaning of "default" under their loan and whether their admitted failure to pay constitutes a "default." (RE 65, PageID# 360-361.) This gamesmanship does not permit them to evade judgment on the pleadings. The Higginses concede their failure to pay their mortgage loan, (*id*.), and the Note and Mortgage, which are part of the pleadings, define default to include what the Higginses already admit: the failure to make their loan payments. The Note provides that the Higginses "will be in default under this Note if [they] . . . fail to make any payment when due under this Note." (RE 33-2, PageID# 177.) Likewise, the Mortgage provides that an "Event of Default" is the "fail[ure] to make any payment when due[.]" (RE 33-3, PageID# 186.) The Higginses also expressly admitted that they "defaulted on the Loan Modification Agreement" in paragraph 29 of their Answer. (RE 51, PageID# 289.)

3

As a result, because "the facts are undisputed, the determination whether" a default occurred "is a question of law for the court to decide." *See Diamond v. City of Kalamazoo*, No. 1:15-cv-696, 2017 U.S. Dist. LEXIS 143032, at *7 (W.D. Mich. June 30, 2017) (Carmody, M.J.) (stating that "[w]here 'the facts are undisputed, the determination whether probable cause exists is a question of law for the court to decide.'") (cite omitted), *R&R adopted*, 2017 U.S. Dist. LEXIS 143188 (W.D. Mich. Sept. 5, 2017) (Neff, J.); *see also Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 639 (E.D. Mich. 2011) (it is for the court to apply "the undisputed facts" to "the unambiguous language of the contract").

**3.)** The Higginses posit two red herrings which, even if accepted, do nothing to diminish Chase's entitlement to a judgment of foreclosure as to Lot 18.

**A.)** The Higginses repeatedly lean hard on their position that Chase's Mortgage is secured by only Lot 18, but not Lot 203. (*See* RE 66, PageID# 366, 368, 371, 374, 375, 376.) Yet, their position in this regard is meaningless to this Court's resolution of Chase's motion. Chase's motion for ***partial*** judgment on the pleadings seeks judgment ***only as to Lot 18***, which the Higginses ***agree*** is encumbered by the Mortgage. As Chase clearly set forth in its motion and brief, Chase is not at this time seeking any judicial determination as to whether Lot 203 is or should be included as collateral under the mortgage (whether on equitable or other grounds), which is the claim that Chase asserted in Count II of its SAC and which is not at issue here. (RE 55, PageID# 324.)

As Chase demonstrated (with no rebuttal from the Higginses), the Mortgage provides that one of Chase's available "rights and remedies on default" is "Judicial Foreclosure," including that Chase "may obtain a judicial decree foreclosing [the Higginses'] interest ***in all or any part of*** the Property." (RE 33-3, PageID.186-187 (emphasis added).) Under the Higginses' position,

4

Chase is seeking to foreclose on "all" of the Property since they contend that only Lot 18 is encumbered by the Mortgage. Under Chase's position, Chase is entitled to foreclose on Lot 18 as the undisputed "part of the Property" that is encumbered, even if the Court later decides that Lot 203 is also encumbered.

        B.)    The Higginses also repeatedly assert that foreclosing on Lot 18 would make the Property "unmarketable" and "drastically diminish" the "value" of the Property. (RE 66, PageID# 366, 368-369, 374.) Again, these assertions are meaningless to this Court's resolution of Chase's motion. Whatever the respective lots may or may not fetch at a hypothetical future sale if they are not under common ownership is utterly irrelevant to Chase's right under the Mortgage to foreclose on Lot 18. In theory, Chase could elect to sell Lot 18 for whatever reduced price a purchaser would be willing to pay under the circumstances. More likely, Chase could purchase Lot 18 itself at the sheriff's sale with a credit bid, evict the Higginses from Lot 18, and later sell Lot 18 and Lot 203 once the remaining legal issues with respect to Lot 203 are judicially resolved or settled amongst the parties. This result is especially likely since the Higginses have no valid defense to the United States's foreclosure of its tax lien on both lots 18 and 203, and Chase and the United States have already discussed how they plan to cooperatively seek the appointment of a receiver to sell the Property and divide the sale proceeds. There could be other options as well, which are likewise irrelevant to Chase's present, undisputed right to foreclose on Lot 18.

## **CONCLUSION**

For these reasons and the reasons set forth in the underlying motion and brief, Plaintiff JPMorgan Chase Bank, N.A. respectfully requests that this Court: (1) grant its Motion for Partial Judgment on the Pleadings as to Count I of its Second Amended Complaint under Rule 12(c); (2) enter judgment for Chase on Count I of its SAC; and (3) grant such other relief as the Court

deems proper. To the extent this Court grants this motion and enters judgment on the pleadings for Chase as to Count I of the SAC, Chase reserves the right to submit a proposed Judgment of Foreclosure as to Lot 18.

Dated: April 18, 2024            Respectfully submitted,

/s/ Mark J. Magyar
Mark J. Magyar (P75090)
DYKEMA GOSSETT PLLC
Attorneys for Plaintiff
201 Townsend St., Suite 900
Lansing, MI 49301
Telephone:  (616) 776-7500
magyar@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, I electronically filed the foregoing motion and brief with the Clerk of the Court using the ECF system.

Copies of these documents were served by First-Class mail, postage prepaid, along with a courtesy copy via email, to the following:

> John Higgins, pro se
> Martha Higgins, pro se
> 50102 Alpine Blvd.
> Grand Beach, MI 49117
> (312) 560-9620
> jhiggins@higginsdevelopment.com

Dated: April 18, 2024                    /s/ Mark J. Magyar

Mark J. Magyar (P75090)
DYKEMA GOSSETT PLLC
Attorneys for Plaintiff
201 Townsend St., Suite 900
Lansing, MI 49301
Telephone:  (616) 776-7500
mmagyar@dykema.com