UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED - GR**
May 6, 2024 1:35 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: ___ / ___

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ) ) ) | Case No. 1:23-cv-01112 |
| Plaintiff, ) ) ) | Hon. District Judge Robert J. Jonker |
| v. ) ) | Magistrate Judge Sally J. Berens |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, ) ) ) ) ) | |
| Defendants. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Counterclaim/Crossclaim Plaintiff, ) ) ) | |
| v. ) ) | |
| JOHN W. HIGGINS and MARTHA R. HIGGINS, ) ) ) | |
| Crossclaim Defendants, ) ) | |
| And ) ) | |
| JPMORGAN CHASE BANK, N.A., ) ) | |
| Counterclaim Defendant. ) | |

**DEFENDANT JOHN AND MARTHA HIGGINS RESPONSE TO REPLY BRIEF IN SUPPORT OF PLAINTIFF JPMORGAN CHASE BANK N.A'S MOTION PURSUANT TO FRCP 12(C) FOR PARTIAL JUDGEMENT ON THE PLEADINGS AS TO COUNT 1 OF ITS SECOND AMENDED COMPLAINT**

Defendants John and Martha Higgins ("Higginses") dispute that Plaintiff JPMorgan

Chase Bank, N.A ("Chase") is intitled to partial judgement on the pleadings under Fed. R. Civ. P.

12 (c) as to Count I of Chase's Second Amended Complaint ("SAC"). The Higginses response

1

below to Chase's "Three aspects" of their Reply Brief dated April 18, 2024 address the unique facts regarding this Lot 18 motion.

1. The Higginses are asking the court for leniency regarding "amending and expanding" their answer to the SAC. The Higginses mistakenly used their April 9, 2024 response to Chase's motion for partial judgment, as to count I of the SAC, dated March 15, 2024 to expand and amend on their answers. When the Higginses responded to the SAC they did so only to the facts set forth in the SAC, many of which are not in dispute as they relate to the mortgage on Lot 18 such as the legal description, the property location, etc. The Higginses, after receiving Chase's motion for partial judgement on the pleadings as to Count I of its SAC, realized their answers were too brief, and did not fully explain to the court the facts as they exist, specifically regarding the physical aspects of the house as it relates to Lot 18 and Lot 203. The Higginses felt it was necessary to expand their answers to the SAC and did amend the answers in some cases - 2,7,13,14,15,16,25,26,27,28,29,30,34. The Higginses now understand they should have sought leave from the court to expand their answers in a different format. If the court wishes and grants the Higginses time, they will gladly expand their answers using the proper brief. They apologize to the court and counsel for their mistake.

2. The Higginses admit that chase has a mortgage on Lot 18, however, the Higginses have repeatedly stated that the Lot 18 improvements comprise approximately 60% of the house and that the improvements on Lot 203 contain the remaining 40% of the house. Lot 203 also contains the septic waste system, heating and cooling mechanical systems, required ingress and egress, plumbing and hot water systems, and electrical system, to name a few. The Lot 203 improvements are integral to the functionality and viability of the entire house. The Higginses

2

believe that Chase is pursuing this strategy of foreclosing on unmarketable real estate (Lot 18) to improve its negotiating position with the Counterclaim/Crossclaim Plaintiff, the U.S., on dividing the proceeds in the event the court decides in favor of the Plaintiff.

The Higginses do admit to entering into the July 1, 2022 Loan Modification and that it only covers Lot 18. The Higginses contend that they notified Chase that the required payments in the modification would be difficult to make. This became clear after making the first two payments, after which, Higgins was notified by his largest consulting client, CRG a division of Clayco Construction, that it was terminating its contract. This created a great deal of duress. It became difficult to secure additional clients as the focus of the business was on large office development projects which were not, and are still not in demand.

The Higginses continue to feel they may or may not be in default given the flawed collateral of lot 18.


3. The Higginses do not believe they "posit two red herrings". The Higginses believe the facts below are relevant when considering the motion for a judgement of foreclosure on Lot 18.

    A. Yes, the Higginses do claim the mortgage is only on Lot 18, however, Chase does not mention that at least 40% of the house is on Lot 203. The facts would dictate there is little value in foreclosing on Lot 18 with only part of the house and raise serious questions as to the viability of this given the important functioning parts of the house existing on lot 203, as previously stated in Answer 2 above.

    The Higginses feel that Chase brought 3 counts in its SAC and that all 3 counts must be litigated together. If the court grants judicial foreclosure on Lot 18 it is unclear to the Higginses that the remaining 2 counts can be effectively resolved

3

       with a satisfactory outcome. Chase is arguing their position to improve its negotiating position with the US, as previously stated.

B.    Yes, the Higginses do repeatedly assert that foreclosing on Lot 18 would make the property unmarketable and unviable. The Higginses find it interesting that Chase and the U.S. have already determined how they plan to jointly seek the appointment of a receiver and sell the property before a judicial decision is made and before the Higginses have their day in court. Chase brought the U.S. into this in an attempt to mitigate its issues resulting from choosing to make a loan collateralized by only Lot 18. The result of Chase's actions has caused an undue hardship to the Higginses given the fact that they had an understanding with the IRS and a 2 year pause on collection from the IRS during which time a portion of the IRS taxes would sunset.

## Conclusion

For these reasons and the reasons set forth in the response to Motion for partial judgement on count I of the SAC the Higginses respectfully ask the court to deny the motion of Chase to enter judgement on count I of its SAC.

Dated: May 2, 2024					Respectfully Submitted,

						By: _____
						John W. Higgins

						By: _____
						Martha R. Higgins

J. Higgins
50102 Alpine Blvd.
Grand Beach, MI 49117



**CERTIFIED MAIL**

9589 0710 5270 0947 1590 11

*Retail*





49503

**RDC 99**

U.S. POSTAGE PAID
FCM LG ENV
NEW BUFFALO, MI 49117
MAY 03, 2024

**$6.03**

R2305H128013-06

CLERK OF U.S DISTRICT COURT
399 FEDERAL BLVD
110 MICHIGAN ST. N.W.
GRAND RAPIDS, MI 49503