UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JP MORGAN CHASE BANK, N.A.,

    Plaintiff and Counter-Defendant

v.

JOHN W. HIGGINS AND MARTHA R. HIGGINS,

    Defendants and Cross-Defendants; and

THE UNITED STATES OF AMERICA,

    Defendant, Counter-Claimant,
    and Cross-Claimant.

_____/

Case No. 1:23-cv-1112

Hon. Robert J. Jonker

**ORDER**

The matter is before the Court on Defendants John and Martha Higgins' ("the Higginses") sur-reply to Plaintiff JPMorgan Chase Bank's Motion for Judgment on the Pleadings on Count 1 of its Complaint. The Higginses mailed their sur-reply to the Clerk's Office on May 3, 2024, so the Clerk's Office did not receive it (and thus did not file it) until after the Court granted JPMorgan's Motion later that same day. But even if the Higginses' brief had been filed before the Court entered its decision, their sur-reply still would have been unauthorized. The briefing schedule for a dispositive motion consists of a brief filed by the moving party, a response brief filed by the opposing party, and a reply brief filed by the moving party. W.D. MICH. LCIVR 7.1(a), 7.2(c). A party opposing a dispositive motion may not file a sur-reply brief unless it is approved by the Court. *See* W.D. MICH. LCIVR 7.2(c) ("The court may permit or require further briefing"). The Higginses, however, neither sought nor obtained such permission, so it is not even properly before the Court.

Even if the Court construes the Higginses' brief as a motion for reconsideration of its May 3 Order, the Higginses have failed to carry their burden. Local Civil Rule 7.4(a) provides:

> <u>Grounds</u> - Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

W.D. MICH. LCIVR 7.2(c). The Higginses' brief recycles the same arguments about the potential current marketability problems for Lot 18 that they advanced in their opposition brief. The Court unequivocally rejected those arguments in its May 3 Order, and it does so again now. As the Court expounded in its May 3 Order, these potential marketability issues do not legally invalidate Chase's mortgage interest in Lot 18. The Higginses have plainly not shown a palpable defect warranting a different disposition of the case.

**IT IS SO ORDERED.**


Dated:  <u>May 9, 2024</u>                                             /s/ Robert J. Jonker
                                                                          ROBERT J. JONKER
                                                                          UNITED STATES DISTRICT JUDGE