UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,  Plaintiff,  v.  JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA,  Defendants. | Case No. 1:23-cv-01112  Hon. District Judge Robert J. Jonker |
| UNITED STATES OF AMERICA,  Counterclaim/Crossclaim Plaintiff,  v.  JOHN W. HIGGINS, MARTHA R. HIGGINS;  Crossclaim Defendants,  And  JPMORGAN CHASE BANK, N.A.,  Counterclaim Defendant. | |

**DECLARATION OF BARRY HOOPS**

Pursuant to 28 U.S.C. § 1746, I, Barry Hoops, declare:

1.     I am employed a Revenue Officer Advisor by the Internal Revenue Service in the Civil Enforcement Advice & Support Operations unit.  The duties of Revenue Officer Advisors include assignment to assist trial attorneys representing the United States in litigation.

2.     In my capacity as a Revenue Officer Advisor, I am assigned to the matter of John and Martha Higgins and have access to the records pertaining to their income tax liabilities.

1

3. In the course of performing my duties, I have access to and have reviewed historical records of the Internal Revenue Service with respect to the income tax liabilities of John and Martha Higgins.

4. In particular, I reviewed records retrieved from the Integrated Data Retrieval System ("IDRS") computer database, which stores and tracks taxpayer account information by taxpayer, tax type, and tax period. Information is entered into IDRS on each account from taxpayer returns, information returns, assessments determined in examinations (colloquially known as audits), taxpayer notices, payments, and other types of account transactions. The information entered into IDRS is entered at or near the time of the acts or events described and are entered by someone with knowledge of the acts or events. It is the regular practice of the IRS to create and preserve such records. IDRS generates a variety of reports and transcripts that display different account information in different ways. The following statements are based either on my personal knowledge or on my review of the IRS records available to me.

5. Among the records I examined are tax account transcripts which can be generated or printed in various forms using different command codes on the IDRS system. Attached hereto are what are sometimes called "plain English transcripts," because the transactions codes are assigned shorthand explanations, of the tax accounts for income tax years 2011, 2016, and 2021. The explanations can sometimes be misleading. For example the transaction code 150 labeled "Tax Return Filed" is not the date the return was filed but the date the tax reported thereon was assessed. (The actual return filing date is revealed in the lines appearing above the list of "Transactions.") Most but not all of the facts recited below are also reflected in the three attached transcripts.

6. The IRS assessed income tax liabilities for several tax periods against John and Martha Higgins. These years included 2008, 2009, 2010, 2011, 2016, and 2021 but, of those years, only 2011, 2016, and 2021 remain collectible ("the subject tax liabilities") due to the expiration of the period of limitations on the earlier years. The IRS assessed these liabilities based upon the reported amounts of taxes owed on the returns John and Martha filed as a joint, married couple.

7. As part of standard IRS procedure, a notice to the taxpayers is automatically generated and mailed to the taxpayers upon assessment. In accordance with this procedure, on or about the date of these income tax assessments, a delegate of the Secretary of the Treasury gave notice to John and Martha Higgins and made a demand for payment of the balance due.

8. To collect outstanding liabilities, the IRS may levy a taxpayer's assets. Prior to a levy, a formal Notice of Intent to Levy and Your Right to a Hearing is mailed to the taxpayer offering, among others, the option to request a collection due process hearing ("CDP") through the IRS's Appeals. If the taxpayer requests a hearing, the statute of limitations on assessment is tolled as provided in IRC Section 6330(e).

9. Taxpayers may request to enter an installment agreement to pay-off the liabilities. An installment agreement provides for payments in installments (commonly monthly) at a set amount and/or percentage of income. The statute of limitations on collection is also tolled when an installment agreement request is pending and when any accepted agreement is terminated as provided in IRC Section 6330(k)(3).

10. The Higginses had made payments towards the subject tax liabilities consistent with terms in various installment agreements; however, as noted above, the liabilities for years

2008, 2009, and 2010 were not fully collected prior to exceeding their statutory collectible period and therefore have been written off.

11. The Higginses entered into one such installment agreement on or about June 1, 2012, to make monthly payments toward the many then existing liabilities.

12. The Higginses filed their joint income tax return for tax year 2011, late on or about October 18, 2012. The IRS processed the return and assessed the tax on December 10, 2012. This liability then was added to the active installment agreement to count the payments toward this liability in addition to prior years.

13. On April 8, 2013, the installment agreement terminated after default on the payments. This added 30 days to the period of limitations on collection.

14. After a notice of levy was issued to the taxpayers, the Higginses made a timely request for a CDP hearing on August 1, 2013.

15. At a time prior to this hearing, the Higginses authorized a power of attorney ("POA") to represent them before the IRS.

16. The CDP hearing resolved on March 6, 2014, with a recommendation from appeals to enter into another installment agreement. The pendency of the CDP hearing added 217 days to the period of limitations on collection.

17. Based upon discussions with the POA, the IRS entered a pending installment agreement status on March 21, 2014. This installment agreement was then approved and officially entered into on March 31, 2014.

18. This installment agreement then terminated on September 15, 2016, after as the Higginses requested a review and default occurred during that review period. This added 30 days to the period of limitations on collection.

19. Based upon the Higginses' POA expressing interest to continue payments and negotiations with the IRS, another installment agreement was officially entered on October 4, 2016.

20. This installment agreement then terminated on April 9, 2018, following default on payments. This added 30 days to the period of limitations on collection.

21. After discussion and review of the Higginses' financial status, pursuant the Internal Revenue Manual section 5.16.1.2.9, they were deemed "Currently Not Collectible" on or about March 26, 2018, for hardship. Under this status, the IRS refrains from collection activities until the IRS deems it appropriate to reopen the case.

22. The designation of "currently not collectible" may be removed and a case reopened if the IRS identifies new circumstances providing for collection potential. Additionally, the status does not prevent the IRS from referring a case to the Department of Justice either to preserve the statute of limitations on collection or if litigation is commenced affecting the tax lien on property.

23. The IRS reopened the Higginses case in February of 2019.

24. After discussion between the IRS and the POA, the Higginses entered another installment agreement on July 30, 2021.

25. This installment agreement terminated on August 2, 2023. This added 30 days to the period of limitations on collection.

26. Shortly thereafter, the POA requested the Higginses again be entered into currently not collectible status. The IRS determined to enter this status on the tax accounts on or about August 2, 2023, and issued a letter to the Higginses notifying them of the status entry.

27.     The deadline to refile the Notice of Federal Tax Lien (NFTL) covering the 2011 year – originally in January of 2023 – was inadvertently allowed to expire which resulted in the release of the lien pursuant to language on the NFTL form, but on October 17, 2023, the IRS recorded a Certificate of Revocation of the release of the 2011 tax year lien at the Register of Deeds of Berrien County as instrument 2023391185, which reinstated the lien.  A new NFTL was also filed following the revocation of the release.  It was recorded November 13, 2023, as instrument 2023392757.  It included a new refiling deadline of January 9, 2033.

28.     On March 18, 2024, the 2011-year liability was written off as a result of a clerical error in the database. The code indicating the filing of the United States' crossclaim on November, 9, 2023, which tolled the period of limitations on collection under IRC Section 6502, was not properly entered into the IRS database. Without entry of this code, the system automatically triggered the abatement of the tax at the time the system was calculated to pass the collection statute expiration date after accounting for the tolling events discussed above.

29.     To properly reflect the true status of the liability, the database was corrected to record the filing of the crossclaim the United States filed against John and Martha Higgins on November 9, 2023, for the 2011, 2016, and 2021 tax liabilities.  This reversed the abatement of the 2011-year liability.

30.     When I learned of the write-off of the 2011 liability, I caused a filing of another Revocation of Release of Federal Tax Lien to be recorded on August 7, 2024, as instrument 2024411394, followed by the recordation of a new NFTL on the same date as instrument 2024411395.  In hindsight, this was a mistake because, although the liability had been mistakenly written off, no Certificate of Release of the NFTL had been filed and so no revocation of release was required.

6

31.     Assessed tax liabilities accrue interest and penalties in accordance with the Internal Revenue Code. Penalties include the penalty for failure to pre-pay taxes under IRC Section 6654 and penalties for late payment of taxes under IRC Section 6651. All penalties and payments on a tax liability are recorded in the IRS's records and reflected on transcripts for the liabilities.

32.     The total amount of the liabilities owed as of any given date may be retrieved on a transcript known as an INTST that reflects the amount as mathematically calculated from the principal tax liability, penalties that are assessed and accrued but not yet assessed, payments or credits, and interest assessed and accrued but not yet assessed according to the Internal Revenue Code. The below table reports the true and accurate dates of assessment, tax amounts initially assessed as reported on the returns, and total amounts due as of August 14, 2024, for the 2011, 2016, and 2021 income tax liabilities:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due as of 08/14/2024 |
|---|---|---|---|
| 12/31/2011 | 12/10/2012 | $245,346 | $502,004.31 |
| 12/31/2016 | 11/27/2017 | $236,495 | $415,815.55 |
| 12/31/2021 | 11/21/2022 | $ 24,575 | $30,154.51 |
| | | **Total Balance:** | **$947,974.37** |

I declare under penalty of perjury this 14th day of August, 2024, that the foregoing is true and correct.

_____
Barry Hoops
Revenue Officer Advisor
Internal Revenue Service



```
                This Product Contains Sensitive Taxpayer Data
```

# Account Transcript

```
                                              Request Date:      08-14-2024
                                             Response Date:      08-14-2024
                                           Tracking Number:     106410107423

FORM NUMBER:      1040
TAX PERIOD:       Dec. 31, 2011


TAXPAYER IDENTIFICATION NUMBER:         XXX-XX-7041
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  XXX-XX-5787

JOH W & MART HIGG
50102
```

**<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>**

```
              --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                                        409,932.64
ACCRUED INTEREST:                                        93,287.72   AS OF: Aug. 26, 2024
ACCRUED PENALTY:                                              0.00   AS OF: Aug. 26, 2024


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                          503,220.36


                  ** INFORMATION FROM THE RETURN OR AS ADJUSTED **


EXEMPTIONS:                                                    02
FILING STATUS:                                Married Filing Joint
ADJUSTED GROSS INCOME:                                  917,653.00
TAXABLE INCOME:                                         709,305.00
TAX PER RETURN:                                         245,346.00
SE TAXABLE INCOME TAXPAYER:                             106,800.00
SE TAXABLE INCOME SPOUSE:                                     0.00
TOTAL SELF EMPLOYMENT TAX:                               18,523.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)             Oct. 18, 2012
```

PROCESSING DATE                                                                                     Dec. 10, 2012

---

**TRANSACTIONS**

---

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 20124804 | 12-10-2012 | $245,346.00 |
| n/a | 89221-308-34512-2 | | | |
| 460 | Extension of time to file tax return ext. Date 10-15-2012 | | 04-15-2012 | $0.00 |
| 176 | Penalty for not pre-paying tax 00-00-0000 | 20124804 | 12-10-2012 | $4,857.32 |
| 276 | Penalty for late payment of tax | 20124804 | 12-10-2012 | $9,813.84 |
| 196 | Interest charged for late payment | 20124804 | 12-10-2012 | $4,853.55 |
| 971 | Notice issued CP 0014 | | 12-10-2012 | $0.00 |
| 971 | Installment agreement established | | 12-29-2012 | $0.00 |
| 971 | Pending installment agreement | | 02-25-2013 | $0.00 |
| 971 | No longer in installment agreement status | | 04-08-2013 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 07-03-2013 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 07-03-2013 | $0.00 |
| 971 | Account match for federal levy payment program | | 08-05-2013 | $0.00 |
| 971 | Collection due process levy (hearing) request or levy and lien (hearing) request received | | 08-01-2013 | $0.00 |
| 971 | Collection due process request received timely | | 08-01-2013 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 08-01-2013 | $0.00 |
| 971 | Pending installment agreement | | 08-28-2013 | $0.00 |
| 521 | Removed bankruptcy or other legal action | | 03-06-2014 | $0.00 |
| 971 | Collection due process (hearing) resolved by Appeals - Notice of Determination letter issued, you waived judicial review or withdrew the hearing request | | 03-06-2014 | $0.00 |
| 971 | Pending installment agreement | | 03-21-2014 | $0.00 |
| 971 | Installment agreement established | | 03-31-2014 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 04-11-2014 | $0.00 |
| 360 | Fees and other expenses for collection | | 05-05-2014 | $50.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 04-15-2014 | $0.00 |
| 421 | Closed examination of tax return | | 12-12-2014 | $0.00 |
| 960 | Appointed representative | | 06-02-2016 | $0.00 |
| 971 | Installment agreement established | | 10-04-2016 | $0.00 |
| 971 | No longer in installment agreement status | | 04-09-2018 | $0.00 |
| 971 | First Levy Issued on Module | | 06-04-2018 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | | 07-16-2018 | $0.00 |

| | | | |
|---|---|---|---:|
| 971 | Passport certified seriously delinquent tax debt | 07-16-2018 | $0.00 |
| 971 | Account match for federal levy payment program | 07-16-2018 | $0.00 |
| 971 | Account match for federal levy payment program | 07-16-2018 | $0.00 |
| 971 | Notice issued<br>CP 0091 | 07-16-2018 | $0.00 |
| 971 | Final notice before levy on social security benefits | 07-16-2018 | $0.00 |
| 971 | Notice issued<br>CP 0091 | 07-16-2018 | $0.00 |
| 971 | Final notice before levy on social security benefits | 07-16-2018 | $0.00 |
| 530 | Balance due account currently not collectible - due to hardship | 09-21-2018 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | 10-22-2018 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | 10-22-2018 | $0.00 |
| 971 | Notice issued<br>CP 071A | 11-02-2020 | $0.00 |
| 196 | Interest charged for late payment | 20204205 11-02-2020 | $95,129.28 |
| 276 | Penalty for late payment of tax | 20204205 11-02-2020 | $51,522.65 |
| 537 | Account currently considered collectable | 12-14-2020 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | 04-19-2021 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | 05-03-2021 | $0.00 |
| 582 | Lien placed on assets due to balance owed | 05-21-2021 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | 05-25-2021 | $0.00 |
| 971 | Account match for federal levy payment program | 08-16-2021 | $0.00 |
| 971 | Account match for federal levy payment program | 08-16-2021 | $0.00 |
| 971 | Notice issued<br>CP 0091 | 08-16-2021 | $0.00 |
| 971 | Final notice before levy on social security benefits | 08-16-2021 | $0.00 |
| 971 | Notice issued<br>CP 0091 | 08-16-2021 | $0.00 |
| 971 | Final notice before levy on social security benefits | 08-16-2021 | $0.00 |
| 971 | Installment agreement established | 07-30-2021 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | 09-06-2021 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | 09-06-2021 | $0.00 |
| 583 | Removed lien | 01-13-2023 | $0.00 |
| 670 | Payment | 02-21-2023 | -$100.00 |
| 670 | Payment | 03-27-2023 | -$1,600.00 |
| 530 | Balance due account currently not collectible - due to hardship | 08-02-2023 | $0.00 |
| 971 | No longer in installment agreement status | 08-02-2023 | $0.00 |
| 582 | Lien placed on assets due to balance owed | 11-10-2023 | $0.00 |

| 360 | Fees and other expenses for collection | 12-04-2023 | $60.00 |
| 608 | Write-off of balance due | 03-18-2024 | -$409,932.64 |
| 520 | Bankruptcy or other legal action filed | 11-09-2023 | $0.00 |
| 609 | Reinstate balance due | 03-18-2024 | $409,932.64 |

```
This Product Contains Sensitive Taxpayer Data
```



```
This Product Contains Sensitive Taxpayer Data
```

# Account Transcript

```
                                              Request Date:       08-14-2024
                                              Response Date:      08-14-2024
                                              Tracking Number:    106410107423

FORM NUMBER:     1040
TAX PERIOD:      Dec. 31, 2016


TAXPAYER IDENTIFICATION NUMBER:          XXX-XX-7041
SPOUSE TAXPAYER IDENTIFICATION NUMBER:   XXX-XX-5787

JOH W & MART HIGG
50102


<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

            --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                                 339,739.02
ACCRUED INTEREST:                                 77,168.50    AS OF: Aug. 26, 2024
ACCRUED PENALTY:                                       0.00    AS OF: Aug. 26, 2024


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                   416,907.52


                  ** INFORMATION FROM THE RETURN OR AS ADJUSTED **


EXEMPTIONS:                                             02
FILING STATUS:                          Married Filing Joint
ADJUSTED GROSS INCOME:                           841,618.00
TAXABLE INCOME:                                  612,805.00
TAX PER RETURN:                                  236,495.00
SE TAXABLE INCOME TAXPAYER:                      118,500.00
SE TAXABLE INCOME SPOUSE:                              0.00
TOTAL SELF EMPLOYMENT TAX:                        44,159.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)          Oct. 19, 2017
```

PROCESSING DATE                                                                    Nov. 27, 2017

|  | TRANSACTIONS |  |  |  |
|---|---|---|---|---|

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 20174505 | 11-27-2017 | $236,495.00 |
| n/a | 89221-302-45715-7 | | | |
| 460 | Extension of time to file tax return ext. Date 10-15-2017 | | 04-15-2017 | $0.00 |
| 276 | Penalty for late payment of tax | 20174505 | 11-27-2017 | $9,459.80 |
| 196 | Interest charged for late payment | 20174505 | 11-27-2017 | $5,930.11 |
| 971 | Notice issued<br>CP 0023 | | 11-27-2017 | $0.00 |
| 960 | Appointed representative | | 01-22-2018 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 06-08-2018 | $0.00 |
| 360 | Fees and other expenses for collection | | 07-02-2018 | $50.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 06-12-2018 | $0.00 |
| 971 | Account match for federal levy payment program | | 07-16-2018 | $0.00 |
| 971 | Account match for federal levy payment program | | 07-16-2018 | $0.00 |
| 971 | Notice issued<br>CP 0090 | | 07-16-2018 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 07-16-2018 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 07-16-2018 | $0.00 |
| 971 | First Levy Issued on Module | | 08-06-2018 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | | 08-20-2018 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | | 08-20-2018 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- refused or unclaimed | | 08-13-2018 | $0.00 |
| 971 | Notice issued<br>CP 0091 | | 09-24-2018 | $0.00 |
| 971 | Final notice before levy on social security benefits | | 09-24-2018 | $0.00 |
| 971 | Notice issued<br>CP 0091 | | 09-24-2018 | $0.00 |
| 971 | Final notice before levy on social security benefits | | 09-24-2018 | $0.00 |
| 530 | Balance due account currently not collectible - due to hardship | | 09-21-2018 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | | 10-22-2018 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | | 10-22-2018 | $0.00 |
| 971 | Notice issued<br>CP 071A | | 11-02-2020 | $0.00 |
| 196 | Interest charged for late payment | 20204205 | 11-02-2020 | $38,240.17 |

| | | | | |
|---|---|---|---|---|
| 276 | Penalty for late payment of tax | 20204205 | 11-02-2020 | $49,663.94 |
| 537 | Account currently considered collectable | | 12-14-2020 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | | 04-19-2021 | $0.00 |
| 971 | Passport certified seriously delinquent tax debt | | 05-03-2021 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 05-21-2021 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 05-25-2021 | $0.00 |
| 971 | Account match for federal levy payment program | | 08-16-2021 | $0.00 |
| 971 | Account match for federal levy payment program | | 08-16-2021 | $0.00 |
| 971 | Notice issued CP 0091 | | 08-16-2021 | $0.00 |
| 971 | Final notice before levy on social security benefits | | 08-16-2021 | $0.00 |
| 971 | Notice issued CP 0091 | | 08-16-2021 | $0.00 |
| 971 | Final notice before levy on social security benefits | | 08-16-2021 | $0.00 |
| 971 | Installment agreement established | | 07-30-2021 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | | 09-06-2021 | $0.00 |
| 972 | Passport certified seriously delinquent tax debt reversal | | 09-06-2021 | $0.00 |
| 670 | Payment | | 02-11-2022 | -$100.00 |
| 530 | Balance due account currently not collectible - due to hardship | | 08-02-2023 | $0.00 |
| 971 | No longer in installment agreement status | | 08-02-2023 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 11-09-2023 | $0.00 |

```
          This Product Contains Sensitive Taxpayer Data
```



```
This Product Contains Sensitive Taxpayer Data
```

# Account Transcript

```
                                    Request Date:         08-14-2024
                                    Response Date:        08-14-2024
                                    Tracking Number:    106410107423

FORM NUMBER:      1040
TAX PERIOD:       Dec. 31, 2021


TAXPAYER IDENTIFICATION NUMBER:         XXX-XX-7041
SPOUSE TAXPAYER IDENTIFICATION NUMBER:  XXX-XX-5787

JOH W & MART HIGG
50102


<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>
                --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:                                     26,134.20
ACCRUED INTEREST:                                     3,664.86   AS OF: Aug. 26, 2024
ACCRUED PENALTY:                                        541.87   AS OF: Aug. 26, 2024


ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):                       30,340.93


                  ** INFORMATION FROM THE RETURN OR AS ADJUSTED **


EXEMPTIONS:                                                 02
FILING STATUS:                             Married Filing Joint
ADJUSTED GROSS INCOME:                              150,974.00
TAXABLE INCOME:                                      70,784.00
TAX PER RETURN:                                      24,575.00
SE TAXABLE INCOME TAXPAYER:                         107,713.00
SE TAXABLE INCOME SPOUSE:                                 0.00
TOTAL SELF EMPLOYMENT TAX:                           16,480.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)          Oct. 18, 2022
```

PROCESSING DATE                                                                                           Nov. 21, 2022

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 20224405 | 11-21-2022 | $24,575.00 |
| n/a | 29221-296-20801-2 | | | |
| 766 | Tax relief credit | | 04-05-2021 | -$2,800.00 |
| 846 | Refund issued | | 03-24-2021 | $2,800.00 |
| 290 | Additional tax assessed 00-00-0000 | 20211105 | 04-05-2021 | $0.00 |
| n/a | 89254-999-05011-1 | | | |
| 971 | Notice issued NOTICE1444 | | 04-08-2021 | $0.00 |
| 670 | Payment | | 11-22-2021 | -$100.00 |
| 460 | Extension of time to file tax return ext. Date 10-15-2022 | | 04-15-2022 | $0.00 |
| 276 | Penalty for late payment of tax | 20224405 | 11-21-2022 | $867.00 |
| 196 | Interest charged for late payment | 20224405 | 11-21-2022 | $732.20 |
| 971 | Notice issued CP 0014 | | 11-21-2022 | $0.00 |
| 960 | Appointed representative | | 11-21-2022 | $0.00 |
| 971 | Installment agreement established | | 12-03-2022 | $0.00 |
| 290 | Additional tax assessed 00-00-0000 | 20231705 | 05-15-2023 | $0.00 |
| n/a | 49254-515-18008-3 | | | |
| 971 | Notice issued CP 0055 | | 05-15-2023 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 06-02-2023 | $0.00 |
| 360 | Fees and other expenses for collection | | 06-26-2023 | $60.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 06-08-2023 | $0.00 |
| 530 | Balance due account currently not collectible - due to hardship | | 08-02-2023 | $0.00 |
| 971 | No longer in installment agreement status | | 08-02-2023 | $0.00 |
| 520 | Bankruptcy or other legal action filed | | 11-09-2023 | $0.00 |

This Product Contains Sensitive Taxpayer Data