FILED - GR
September 13, 2024 11:00 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: /Q/

**UNITED STATES DISTRICT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

**SOUTHERN DIVISION**

---

JP MORGAN CHASE BANK NATIONAL ASSOSIATION            Case No. 1:23-cv-01112

    Plaintiff,                                                                                            Hon. Robert J. Jonker

V                                                                                                              Magistrate Judge Sally J. Berens

JOHN W. HIGGINS, MARTHA R. HIGGINS; AND UNITED STATES OF AMERICA,

    Defendants.

---

UNITED STATES OF AMERICA,

    Counterclaim/Crossclaim Plaintiff,

V

JOHN W. HIGGINS, MARTHA HIGGINS;

    Crossclaim Defendants,

    And

JPMORGAN CHASE BANK, N.A.

    Counterclaim Defendant.

---

**DEFENDANT HIGGINSES RESPONSE TO BRIEF IN SUPPORT OF UNITED STATES'
MOTION FOR SUMMARY JUDGEMENT**

John and Martha Higgins cross claim defendants oppose the United States motion for summary judgment dated August 15, 2024.

## CONCISE STATEMENT OF REASONS IN OPPOSITION OF SUMMARY JUDGMENT FOR UNITED STATES

The Higginses opposition is in regard to tax year 2011 which was forgiven on March 16, 2024. (See attached transcript).  Tax years 2016 and 2021 were deemed uncollectible at the present time. It seems extreme that the government would cancel the forgiveness we were given for tax year 2011, and move 2016 and 2021 to collectible status, resulting in the foreclosure of the house the Higgins family has lived in for forty years.

### I.  INTRODUCTION

John and Martha Higgins (the Higginses) oppose the enforcement of liens to sell our home of 40 years to satisfy our tax liabilities.  We have consistently filed our tax returns, and worked with the IRS to obtain payment plans when we could not fulfill our obligations.  This entire situation has been created by J.P. Morgan Chase Bank's ("Chase") failure to properly secure its mortgage on our home.

### II.  FACTUAL AND PROCEDURAL BACKGROUND RESPONSE

In Paragraph 4, Page 3, of the US Summary Judgement Brief as stated in the IRS letter dated August 2, 2023 and attached, the IRS after extensive review of our financial situation, deemed the taxes "not collectible".  It has always been our hope for our financial situation to improve and thus enable us to pay our back taxes.  Unfortunately, at this time, our financial situation has not changed.  Paragraph 5, Page 4, The Higginses firmly believe the 2011 taxes were forgiven March 18, 2024, by the IRS.  This release occurred 12 years after the tax year.  All of the rhetoric regarding "inadvertently allowed to expire", "clerical error", "not entering into the IRS database", "system automatically recording a write off",  "freeze code mistakenly entered",  "automatic release of lien", we firmly believe is nothing but an excuse to justify the reversal of the forgiveness of our 2011 taxes. The taxes were reversed

and should stay reversed.

## III.  ARGUMENT

The Higginses dispute the arguments in US Summary Judgement Brief Paragraph 1 and 2, Page 5. Yes, the IRS deemed our tax liability uncollectible (letter attached). This was based on our financial condition, which has not changed.  When our financial position changes, the IRS would move our status of uncollectible to requiring payments. This review by the IRS would occur in two years. The two years has not elapsed, however, the 2011 taxes have been forgiven, as previously stated. This 2011 forgiveness occurred on March 18, 2024, by the IRS. The Justice Department extracted the issue from the IRS because Chase brought legal action questioning the senior position of the IRS lien on Lot 203.  The IRS senior lien position is what should have been litigated.

Chase knew it had a mortgage on Lot 18, which only included part of the house. This had limited value. Chase pushed the Justice Department to foreclose it lien as opposed to litigating the government's senior position on Lot 203.  This approach has been to the detriment of the Higginses.  The Higginses believe that their financial position was in the process of changing, and in time their obligation to the IRS would be satisfied. The Lot 18 and Chase mortgage issue could have been negotiated if Chase was more reasonable. The issue could still be negotiated, I believe, if Chase was reasonable.

The Higgins do dispute the 2011 tax liability because it was forgiven as explained in the paragraph above .

A.   Standard of Review

Paragraph 1, Page 6. The evidence is attached in the form of a transcript from the IRS.

B.    No Dispute Exists that Mr. and Mrs. Higgins Have Unpaid Income Tax Liabilities for Tax Years 2011, 2016, and 2021

Our argument as previously stated is forgiveness of 2011 taxes by the IRS on March 16,2024. Our argument regarding 2016 and 2021 is that we were granted uncollectible status.

C.    No Dispute Exists that Tax Liens Securing Liabilities for 2011, 2016, and 2021

Attached to the Property

The opposition has been previously stated in the ARGUMENT above.

D.  No Other Dispute of Material Fact Exists to Challenge the Liability The Higginses Owe to the United States and the United States Ability to Enforce

This is not about amounts owed. This is about being deemed uncollectible by the IRS for financial reasons.

   i. Any previous pause on administrative collection efforts due to "Uncollectible " status set by the IRS holds no bearing on the current liabilities.

As previously stated, the current liabilities are the same as the former liabilities.  The fact that Chase has pushed the United States to seek enforcement of its tax liens reverses previously negotiated positions between the IRS and the Higginses

Chase without the United States Justice Department is in a difficult position.  I believe my home and financial issues should not be used to satisfy the Chase problem, because the United States has its priority Lien on Lot 203..  Nothing has changed except for Chase trying to use the United States and the Higginses to resolve Their issues.

   ii.   The United States timely brought suit within the Statuary Limitations on Time to Collect for Each of the Liabilities.

Our position has been previously stated in our arguments above.

   iii.   No dispute exists as to the United States' ability to enforce Its liens by way of receiver sale.

The IRS can enforce its lien by receiver sale if this is the court's ruling, but we believe it should not help Chase correct its incompetencies of many years.

E. The United Stated is Entitled to Judgment as a Matter of Law

I am fearful the law is not in my favor. I am, however, hoping the Court will recognize that Chase is using the United States to foreclose on its lien, using the settlement agreement at the Higginses expense. Chase has created this lawsuit to correct the Lot 18 issue which Chase brought on itself many years ago.

    F.    The United States is Entitled to an Order Allowing it to Nominate a Receiver for Appointment by the Court

If the court grants the appointment of a receiver, the Higginses request the right of redemption. I believe this redemption right would exist for 6 months if Chase was foreclosing it's mortgage.

## IV. CONCLUSION

For all the reasons stated in this document, the Higginses object to the Court granting the Motion for Summary Judgment. We respectfully request the Court to direct the parties involved, to work it out.

Dated: August 10, 2024                      Respectfully Submitted,

By: _____

John W. Higgins

By: _____

Martha R. Higgins



J. Higgins
50102 Alpine Blvd.
Grand Beach, MI 49117



9589 0710 527

CLERK oF T
399 FEDER
110 MICHIGA
GRAND RAP