UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) ) ) | Case No. 1:23-cv-01112 |
| Plaintiff, | ) ) | Hon. District Judge Robert J. Jonker |
| v. | ) ) | Magistrate Judge Sally J. Berens |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Counterclaim/Crossclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; | ) ) ) | |
| Crossclaim Defendants, | ) ) | |
| And | ) ) | |
| JPMORGAN CHASE BANK, N.A., | ) ) | |
| Counterclaim Defendant. | ) | |

FINAL JUDGMENT

Based on this Court's Order of October 15, 2024, granting the United States' Motion for Summary Judgment (ECF No. 93), and the prior Order of May 3, 2024, granting Chase Bank's Motion for Partial Judgment on the Pleadings and specifically Count I of its complaint (ECF No. 74), final judgment (subject to the post-judgment relief contemplated below) is entered against the defendants/crossclaim defendants John W. Higgins and Martha R. Higgins as follows:

1

1.  The defendants John and Martha Higgins are indebted to the United States for their income tax liabilities for the tax years 2011, 2016, and 2021, in the total amount of $947,974.37, plus statutory additions and interest accruing from and after August 14, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

2.  The United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the Higginses' federal income tax liabilities for 2011, 2016, and 2021, including against the property owned by the Higginses and located at 50102 Alpine Blvd., New Buffalo, Michigan 49117.

3.  JPMorgan Chase Bank holds an enforceable mortgage lien interest in Lot 18 of the property as a result of its mortgage securing the sum of $1,286,425.01 as of February 15, 2024, plus interest from that date, and is entitled to foreclose its interest on Lot 18 against John and Martha Higgins.

4.  The issues of reformation of Chase's mortgage and priority regarding Lot 203 of the property are rendered moot by the agreement entered between Chase and the United States regarding the disposition of the proceeds of a sale of the combination of lots 18 and 203 if the federal tax liens are enforced by a judicial sale (ECF No. 81-1).

5.  The United States may enforce the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the above-mentioned property—to include both Lot 18 and Lot 203 by a judicial sale of the property free and clear of the rights, title, and interests of the parties, including but not limited to any right of redemption.

6.  The United States may, by motion, have this Court appoint a local real estate agent as a receiver pursuant 26 U.S.C. § 7403(d) to market and sell the entire property subject to

further approval by the Court of a purchase/sale agreement. The United States' motion may include a requirement for the Higginses to vacate the property within a reasonable time unless the parties otherwise reach a mutually acceptable agreement for the Higginses to remain in possession while the property is marketed for sale, which may include requiring the Higginses to pay monthly rent to cover property tax accruals and to maintain hazard insurance and to vacate promptly after the acceptance of a purchase/sale agreement by the receiver.

7.   Proceeds of the sale of the entire property shall be distributed in the order below:

    i.   First, to cover costs and expenses of the sale including the commission of the real estate agent and any buyer's agent with whom the commission must be shared;

    ii.   Second, to pay any unpaid county property taxes accrued through the date of a closing on the sale as well as the value of the county property taxes that Chase has been continuing to pay, in accordance with the stipulated Order recorded at ECF No. 27;

    iii.   Third, to Chase and the United States in accordance with their agreement recorded at ECF No. 81-1 not to exceed the amounts owed to said parties by the Higginses in accordance with the Court's rulings; and

    iv.   Finally, any remaining surplus sale proceeds to be paid to the Higginses.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**


Dated:_____                _____
                                             HON. ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE