UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | Case No. 1:23-cv-01112 |
| Plaintiff, | Hon. District Judge Robert J. Jonker |
| v. | Magistrate Judge Sally J. Berens |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim/Crossclaim Plaintiff, | |
| v. | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; | |
| Crossclaim Defendants, | |
| And | |
| JPMORGAN CHASE BANK, N.A., | |
| Counterclaim Defendant. | |

**BRIEF IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION FOR APPOINTMENT OF RECEIVER TO ENFORCE FEDERAL TAX LIENS**

The United States of America submits this brief in support of its *Motion to Appoint Receiver*, pursuant to 26 U.S.C. § 7403(d), asking the Court to appoint Kerry Wright, with Wright Properties, to serve as receiver to enforce the United States' federal tax liens by taking possession of and arranging for the sale of the real property located at 50102 Alpine Blvd., New Buffalo, Michigan 49117 (the "Property").

1

## FACTS AND PROCEDURAL BACKGROUND

Following the Court's entry of a Final Judgment, the United States only restates the facts and procedural background pertinent for the purposes of this motion. The legal description of the Property includes two lots: Lot 18 and Lot 203. Plaintiff JPMorgan Chase Bank, N.A. ("Chase") initiated this case seeking foreclosure of its mortgage and sale of the Property. In its second amended complaint, Chase also sought reformation of its mortgage and a determination of its interest in the Property, as to both lots, as superior to that of the United States. After being named a party in Chase's first amended complaint, the United States filed crossclaims on November 9, 2023, against the Higginses to reduce the income tax liabilities for tax years 2011, 2016, and 2021 to judgment and a counter/cross-claim to enforce the tax liens for those liabilities against the Property. ECF No. 9. Pursuant the Court's order (ECF No. 29), Chase filed a second amended complaint restating its claims and the United States filed an answer to the second amended complaint, which restated its counter/cross-claims.

Chase has continued to pay property taxes due to Berrien County pursuant a stipulation with the United States. ECF No. 27. Chase and the United States entered an agreement regarding disposition of the proceeds of a sale of the Property, including both Lot 18 and Lot 203. ECF No. 81-1.

The Court granted Chase's motion for partial judgment on the pleadings for Count I of Chase's complaint to foreclose on Lot 18 of the Property. ECF No. 74. The Court granted the United States' motion for summary judgment. Pursuant to the Final Judgment as against the Higginses' on October 29, 2024, the Higginses owe the United States $947,974.37 as the tax liabilities for tax years 2011, 2016, and 2021, plus interest from August 14, 2024, and the United States is authorized to have a receiver sell the Property with proceeds to be distributed to Chase

for its' claim under its mortgage and the United States for the tax liabilities (with a surplus, if any, to the Higgenses). ECF No. 95. Accordingly, the United States seeks to enforce its federal tax liens through a sale of the Property, to be conducted by a court-appointed receiver.

On information and belief, John and Martha Higgins have continued to reside at the Property.

## ARGUMENT

The Internal Revenue Code provides that, in any lien enforcement proceeding, at the request of the United States, a district court may appoint a receiver to enforce the lien. 26 U.S.C. § 7403(d). The United States often asks courts to appoint local real estate agents as receivers to sell property – residential real estate in particular – when enforcing tax liens. *See, e.g.*, *United States v. Thody*, 2022 WL 2230169 (W.D. Mich. June 9, 2022); *United States v. Scherer*, 532 F. Supp. 3d 485, 489 (S.D. Ohio 2021).

In the experience of the United States, the sale of real property by a local real-estate agent acting as a receiver is likely to yield a higher sale price and larger net proceeds than would an auction sale by the United States Marshal. *See United States v. Smith*, 2008 WL 4960430, at *12 (S.D. Ohio Nov. 19, 2008) ("To the extent that sale of the property on the open market may more closely approximate fair market value of the property than a judicial sale by auction . . . the government may wish to consider appointment of a receiver pursuant to § 7403(d)"); *United States v. Morrison*, 2012 WL 9245966, *2 (D.N.H. Jan. 23, 2012) ("The United States may submit a subsequent motion and proposed order setting forth the procedures for the sale(s) of the First Main Street Property and the Second Main Street Property by a licensed real estate agent to be appointed as receiver under 26 U.S.C. § 7403(d) who agrees to act as such for compensation

equal to a customary real estate agent's commission."[1]  Once appointed receiver, the agent is able to sell the property in essentially the same manner as in a typical residential real estate transaction. Each property may be entered on the multiple listings index and shown to prospective buyers, sometimes through an "open house" or otherwise by individual showings to prospective purchasers or their agents, if they have one. The receiver agrees to work for the customary commission (and share it with a buyer's agent if there is one). Any sale contract entered into by the receiver must be approved by the Court before the transaction may close and other parties will have a chance to object if they believe that the price is too low.

In this case, Kerry Wright, of Wright Properties, has agreed to act as a receiver for the sale of the Property on the terms described in the proposed order the United States is submitting with its motion. Kerry Wright consistently ranks in the top 1-2% of sales among area agents and has recently sold several high-value properties, ranging over $2 million. Wright Properties also has other high-value property listings in the Grand Beach and New Buffalo area. He is therefore well qualified to sell the Property. Kerry Wright informed the undersigned government counsel he has no connection to John and Martha Higgins. The proposed order allows the listing price to be as recommended by the receiver if the Parties agree. The proposed order contains many additional details not discussed in this memorandum.

---

[1] Other cases appointing real estate agents under § 7403(d) include *Wilmington Savings Fund Society FSB v. Cosmano*, 2022 WL 160286, *5 (N.D. Ill. 1922), *United States v. Poteet*, 792 F. Supp. 2d 1201, 1208 (D.N.M. 2011); *United States v. Wagster*, 2017 WL 4479730 *1 (E.D. Mich. Oct. 5, 2017); *United States v. Kain*, 2017 WL 5176696 (N.D. Ind. October 13, 2017); *United States v. Morgan*, 2021 WL 3421708, *13 (D.Conn. August 5, 2021).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court appoint Kerry Wright, as receiver for purposes of marketing the Property in accordance with the attached order.

Respectfully submitted,

/s/ Sarah Stoner
SARAH STONER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-514-1170 (v) / 202-514-5238 (f)
Sarah.Stoner@usdoj.gov

## Certificate of Conference

In compliance with W.D. Mich. LCivR 7.1(d), I certify that on February 26, 2025, I conferred by phone to ask if the Higginses, pro se litigants, objected to the United States' Motion for Summary Judgment. The Higgins expressed they had no objection to this motion.

Further, I certify that on February 26, 2025, I conferred by email with the following regarding whether Chase objected to this motion:

  Mark J. Magyar
  DYKEMA GOSSETT PLLC
  Attorney for JPMorgan Chase Bank, N.A.
  201 Townsend St., Suite 900
  Lansing, MI 49301
  616-776-7523
  mmagyar@dykema.com

Mr. Magyar, on behalf of Chase, expressed he had no objection to this motion.

                                            */s/ Sarah Stoner*
                                            SARAH STONER
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 55
                                            Washington, D.C. 20044
                                            202-514-1170 (v) / 202-514-5238 (f)
                                            Sarah.Stoner@usdoj.gov

**Certificate of Service**

I certify that on February 27, 2025, I electronically filed the foregoing *United States of America's Motion for Appointment of Receiver to Enforce Federal Tax Liens*, with the Court, notice of which will be sent electronically via the Court's CM/ECF system to all parties registered to receive electronic notification.

In addition, on February 27, 2025, I caused to be mailed a copy of the above-mentioned filing to the following pro se parties identified as not registered with the Court's CM/ECF system, and as a courtesy, emailed a copy to jhiggins@higginsdevelopment.com.

| | |
|---|---|
| John Higgins<br>50102 Alpine Blvd.<br>Grand Beach, MI 49117 | Martha Higgins<br>50102 Alpine Blvd.<br>Grand Beach, MI 49117 |

I also shared a copy with Kerry Wright via email to kerry@thewrightbroker.com.

> */s/ Sarah Stoner*
> SARAH STONER
> Trial Attorney, Tax Division
> U.S. Department of Justice