UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | Case No. 1:23-cv-01112 |
| Plaintiff, | Hon. District Judge Robert J. Jonker |
| v. | Magistrate Judge Sally J. Berens |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim/Crossclaim Plaintiff, | |
| v. | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; | |
| Crossclaim Defendants, | |
| And | |
| JPMORGAN CHASE BANK, N.A., | |
| Counterclaim Defendant. | |

**UNITED STATES' UNOPPOSED MOTION FOR ORDER APPROVING SALE BEFORE RECEIVER BY SEPTEMBER 25, 2025**

The United States of America moves the Court to approve and authorize the Receiver's sale and transfer of an interest in the real property located at located at 50102 Alpine Blvd., New Buffalo, Michigan 49117 (the "Property") to Stephen Dykun for the sum of $1,500,000.00. The United States also moves for the court to order distribution of the proceeds of the sale in

1

accordance with the Final Judgment, ECF No. 95. In support of its motion, the United States submits the following:

1. On October 29, 2024, the Court entered judgment in this case, decreeing, among other things, that the United States was entitled to sell the Property owned by Defendants John W. and Martha R. Higgins (the "Higginses"), free and clear of the rights, title, and interests of the parties, including but not limited to any right of redemption. (ECF No. 95).

2. On April 1, 2025, the Court appointed Kerry Wright (the "Receiver") to serve as receiver to sell the Property. (ECF No. 100, "Order Appointing Receiver").

3. As explained in his declaration, included as Exhibit A, the Receiver took the following actions in executing his duty to arrange for the sale of the Property:

    a. The Receiver listed the Property on the Multiple Listing Service, on his brokerage's website, and a number of third-party websites, including Zillow, Redfin, and Realtor.com. Exh. A, ¶ 3.

    b. The Property was originally listed on May 9, 2025, at a listing price of $1,839,000.00. No potential buyers issued an offer at this price. Exh. A, ¶ 2.

    c. In accordance with the Order Appointing Receiver, the Receiver periodically decreased the listing price. After over 90 days on the market with only two offers, neither of which offered at least 90% of the then-current listing price, the Receiver listed the Property at $1,499,00.00. Exh. A, ¶¶ 5-7.

    d. During the time the Property was on the market, the Receiver held a total 19 showings of the Property. Exh. A, ¶ 4.

    e. With consideration of four pending offers, the offer from Stephen Dykun was the highest and best offer. Exh. A, ¶ 8.

4. Stephen Dykun submitted an offer in the amount of $1,500,000.00. The Receiver and Stephen Dykun executed a "Purchase Agreement", which is attached as Exhibit B.

5. It is the Receiver's professional opinion that $1,500,000.00 is a reasonable price for the Property, given its condition and the state of the local real estate market. Exh. A, ¶ 9.

6. Upon entry of the attached Proposed Order, and receipt of the sale proceeds in the amount of $1,500,000.00, the United States asks that the Receiver be permitted to issue a Receiver's Deed substantially similar in form to the "Receiver's Deed to Real Property,' attached as Exhibit C, for the transfer of the interest in the Property to Stephen Dykun.

7. Stephen Dykun intends to purchase the Property in the name of a newly formed LLC. The LLC has yet to be fully formed or named, but will be established by the time of closing.

8. Pursuant to the Final Judgment, ECF No. 95, the proceeds of the sale of the Property should be distributed, by the Receiver at, or within a reasonable time after, the closing, as follows (any dispute about the amount of any distribution shall be brought to the attention of the Court for judicial resolution and funds may be deposited into the registry of the Court to cover any disputed sums):

    a. First, to cover costs and expenses of the sale including the commission of the Receiver and real estate agent and any buyer's agent with whom the commission must be shared and including reimbursement of expenditures made by the Receiver that were approved by the United States and Chase;

    b. Second, to pay any unpaid county property taxes accrued through the date of a closing on the sale as well as the value of the county property taxes that Chase has been continuing to pay, in accordance with the stipulated Order recorded at ECF No. 27; and

    c. Third, to Chase and the United States in accordance with their agreement recorded at ECF No. 81-1 in accordance with the Court's rulings. The liens will not be satisfied and so there will no distribution to the Higginses.

9. Pursuant to Local Rule 7.1(d), counsel for the United States asked the Higginses and counsel for Chase whether they raised an objection to this motion. Both Chase and the Higginses indicated they do not object to this motion.

WHEREFORE, the United States of America requests that the Court authorize the sale of the Property to Stephen Dykun, free and clear of the rights, title, and interests of the parties, for the sum of $1,500,000.00. The United States further requests that the Court order the distribution of the sale proceeds in accordance with the Final Judgment, ECF No. 95. With the date of closing expected to be September 30, 2025, per the Purchase Agreement (Exh. B), the United States respectfully requests the Court to issue an order on this motion on or before September 25, 2025.

                                                               UNITED STATES OF AMERICA,
                                                               Defendant and Counter/Cross-Claim Plaintiff

                                                              */s/ Sarah Stoner*
                                                              SARAH STONER
                                                              Trial Attorney, Tax Division
                                                              U.S. Department of Justice
                                                               P.O. Box 55
                                                              Washington, D.C. 20044
                                                              T: (202) 514-1170 / F: (202) 514-5238
                                                              Sarah.Stoner@usdoj.gov

**Certificate of Service**

I certify that on September 11, 2025, I electronically filed the *United States' Unopposed Motion For Order Approving Sale Before Receiver By September 25, 2025* with the Court, notice of which will be sent electronically via the Court's CM/ECF system to all parties registered to receive electronic notification.

In addition, on September 11, 2025, I caused to be mailed a copy of the above-mentioned filing to the following parties identified as not registered with the Court's CM/ECF system, and as a courtesy, emailed a copy to jhiggins@higginsdevelopment.com.

John Higgins, pro se  
50102 Alpine Blvd.  
Grand Beach, MI 49117

Martha Higgins, pro se  
50102 Alpine Blvd.  
Grand Beach, MI 49117

*/s/ Sarah Stoner*  
SARAH STONER  
Trial Attorney, Tax Division  
U.S. Department of Justice