UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | Case No. 1:23-cv-01112 |
| Plaintiff, | Hon. District Judge Robert J. Jonker |
| v. | Magistrate Judge Sally J. Berens |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; and the UNITED STATES OF AMERICA, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | |
| Counterclaim/Crossclaim Plaintiff, | |
| v. | |
| JOHN W. HIGGINS, MARTHA R. HIGGINS; | |
| Crossclaim Defendants, | |
| And | |
| JPMORGAN CHASE BANK, N.A., | |
| Counterclaim Defendant. | |

**ORDER APPROVING SALE**

The United States has moved for an Order approving and ordering the sale of the real property located at 50102 Alpine Boulevard, New Buffalo, Michigan 49117 (the "Property") in accordance with the terms of the purchase contract attached to the motion. The Property includes two parcels: "Lot 18" and "Lot 203." The legal description of the Lot 18 parcel is as follows:

> Lot 18, Alpine Valley, being a subdivision in part of the fractional Northwest quarter of fractional Section 17, and the fractional East half of Section 18,

1

>Township 8 South, Range 21 West, village of Grand Breach, Berrien County, Michigan, according to the Plat thereof recorded June 4, 1979 in Book 23 of Plats, Page 27.

Meaning to describe the property conveyed by North Beach Company, Inc. to John W. Higgins and Martha R. Higgins, as tenants by the entirety, by indenture recorded at book 1215, page 416 in the records of Berrien County, Michigan on September 26, 1984, as instrument 1984014231.

>The legal description of the Lot 203 parcel is as follows:

>Lot 203, New Park Addition to Grand Beach Springs, Sections 17 and 19, Township 8 South, Range 21 West, Village of Grand Breach, Berrien County, Michigan, according to the Plat thereof recorded March 10, 1923 in Book 6 of Plats, Page 48.

Meaning to describe the property conveyed by F.G. Connelly Mechanical Contractors, Inc. to John W. Higgins and Martha R. Higgins, as tenants by the entirety, by corporate warranty deed dated October 5, 2002, and recorded at book 2300, page 390 in the records of Berrien County, Michigan on October 14, 2002, as instrument 2002041222.

**IT IS HEREBY ORDERED** that:

1. The United States' motion is GRANTED.

2. The sale of the Property, as proposed in the motion, is APPROVED.

3. Upon entry of this Order, the sale of the Property shall commence in accordance with the Purchase Agreement that was attached to the *Motion for Order Authorizing Sale* as Exhibit B thereto (ECF No. 101-2).

4. Upon receipt of the sale proceeds in the amount of $1,500,000.00, the Receiver shall issue a Receiver's Deed substantially in the form of the "Receiver's Deed to Real Property," attached as Exhibit C to the motion, for the transfer of the interest in the Property to Stephen Dykun or any wholly owned LLC he designates. Said transfer shall

be free and clear of all liens or claims of the parties to this action, including any rights of redemption.

5. In accordance with the Final Judgment, ECF No. 95, the Receiver shall distribute the proceeds of the sale of the Property as follows (any dispute about the amount or validity of any distribution shall be brought to the attention of the Court for judicial resolution and the amount at issue may be deposited into the registry of the Court):

   a. First, to cover costs and expenses of the sale including the commission of the Receiver as real estate agent and any buyer's agent with whom the commission must be shared, and including reimbursement of expenditures made by the Receiver with the approval of the United States and JPMorgan Chase Bank ("Chase");

   b. Second, to pay any unpaid county property taxes accrued through the date of a closing on the sale as well as the value of the county property taxes that Chase has been continuing to pay, in accordance with the stipulated Order recorded at ECF No. 27; and

   c. Third, to Chase and the United States in accordance with their agreement recorded at ECF No. 81-1. The Court understands that there will be insufficient funds to satisfy the liens and therefore no surplus for distribution to the Higginses.

**IT IS SO ORDERED.**

Dated: September 15, 2025    /s/ Robert J. Jonker
                             HON. ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE